## CHILDRESS et al v. MILLER, use, &c.

1. The declaration alledged that J. A. C., then Clerk of the steamboat C., for and on behalf of the same, and the owners thereof, made and delivered to, &c. a promissory note, &c.—Held, that this did not amount to an allegation that the note was made under an authority for that purpose ; and it could not be intended, from the nature of his employment, that the Clerk was authorized to bind his principals.
2. One who signs a note on behalf of a steamboat and its owners, is a competent witness to show that his principals were indebted to the payee.

The defendant in error declared against the plaintiffs in *assumpsit*, in the Circuit Court of Tuscaloosa. The declaration contains several counts; the first is on a written acknowledgment of indebtednes, and the second is in the common form for goods, wares and merchandize sold and delivered, money lent and advanced, had and received, &c. The first Count is in the following words:

"Jacob Miller, who sues for the use of Samuel N. McMinn, by attorney, complains of Thomas B. Childress, Edward L. Smith and Henry N. Allen, (the said Smith & Allen, partners trading under the firm of Smith & Allen,) owners of the steamboat Choctaw, and partners in running the said boat in custody, &c., of a plea of trespass on the case in *assumpsit*, &c. For that, whereas, on the 7th day of July, 1838, at Tuscaloosa, to wit, in the county aforesaid, J. A. Case, then clerk of the said steamboat, for and on behalf of the said steamboat Choctaw and the owners thereof, the said defendants, made and delivered to the said Jacob Miller, a certain note, dated as aforesaid, by which it was acknowledged there was due the said Jacob Miller three hundred and four dollars and sixty-four cents, for services as first Engineer on the steamboat Choctaw, in 1838. By means whereof the said defendant became liable to pay to the plaintiff the sum of money in the said note specified according to its tenor and affect."

To this count the defendants demurred, but their demurrer was overruled, and thereupon the cause was submitted to the jury, on the plea of *non assumpsit* to the entire declaration. On the trial the defendants excepted to the ruling of the Court To sustain his action the plaintiff offered in evidence a writing of the following tenor, viz :

$304 64. *Tuscaloosa, July* 7, 1838.

Due Jacob Miller, three hundred and four 64-100 dollars, for services as first engineer on the steamboat Choctaw in 1838.

(Signed,) J. A. CASE, *Clerk,*
*for steamboat Choctaw and owners.*

On which writing were the following indorsements : " J. P. Miller," " $10—Received on the within note of J. A. Case, Clerk, ten dollars. August 27, 1838.

(Signed,) J. MILLER."

To the admission of this evidence the defendants objected, but their objection was overruled, and the writing read to the jury ; thereupon they excepted.

The plaintiff then offered as evidence the deposition of J. A. Case, the individual who, as Clerk of the boat, signed the writing. Witness proved the partnership of Smith & Allen, and

that the defendants were all joint owners of the Choctaw in 1838; that Miller was hired as an engineer by the Captain or Master of the boat at $125 *per month*, and performed four months services after the defendants became the proprietors; that he (witness) was Clerk at the time, and the writing truly expresses the sum that was due Miller at the time of its date. To the introduction of this evidence the defendants objected, but their objection was overruled and the deposition read to the jury. The Court charged the jury, that if they believed the testimony above recited, which was all that was adduced by either party, they should find for the plaintiff. A verdict being returned accordingly, and judgment thereon rendered, the defendants have sued out a writ or error to this Court.

B. F. PORTER, for the plaintiffs in error. The demurrer should have been sustained to the first count, because it does not state a cause of action against the defendants, but if it sets forth a legal liability it is against Case individually. Case was an incompetent witness for the plaintiff; being both a party to the record and a party in interest, his evidence goes to discharge himself. [Chitty on Bills, 39 and note; 10 Wend. Rep. 271; 7 Porter Rep. 66; 9 id. 308; 1 Phil. Ev. 130; 2 id. 9, note 4, C. & H. ed.]

WM. COCHRAN, with whom was CRABB, for the defendant. The declaration substantially states a good cause of action, and very clearly alledges, in the first count, the agency of Case, and the making of the note by him in that character, for the defendants. [Martin v. Dortch, 1 Stew. Rep. 480; 1 Saund. Plead. and Ev. 260-1, 259; Hobson & Stringfellow v. Marriott, 1 Ala. Rep. N. S. 373; Watrous v. Evans, 2 Porter Rep. 205, 211.] There can be no doubt of the competency of Case as a witness, for the same reason that every agent without interest is allowed to testify for or against his principal.

COLLIER, C. J.—The questions presented for our examination are—1. Does the first count of the declaration set forth a cause of action against the defendants, with sufficient certainty and precision? 2. Was the evidence of Case admissi-

ble for the plaintiff, and did that, with the writing adduced, entitle him to a verdict?

1. It is an established rule in the law of pleading, that the declaration must alledge every thing necessary to the maintenance of the action, with such precision, certainty and clearness, that the defendant may know what he is called upon to answer, and that the jury may be able to give a complete verdict upon the issue; and that the Court, consistently with the rules of law, may give a certain and distinct judgment upon the premises. [Cowp. Rep. 682; 6 East Rep. 422; 5 T. Rep. 623.] Facts only should be stated, not inferences or matters of law; and a recovery can only be had upon the facts as they are alledged and proved. [Ibid.] *Again,* pleading must not be ambiguous, or doubtful in meaning; and when susceptible of two different meanings, that construction shall be adopted which is most unfavorable to the party pleading. [Stephens Plead. 378.]

Where one is sought to be charged with the act of another, proof of the authority under which the act was done is indispensable; [2 Saund. Plead. and Ev. 733,] and as the evidence must harmonize with the pleading, it should be substantially, yet distinctly, alledged that the act was the principals, or authorized by him.

Let us test the first count by these principles. The declaration describing the defendants as " owners of the steamboat Choctaw, and partners in running said boat," alledges that J. A. Case, Clerk of that boat, for and on behalf of the boat and its owners, the defendants, made and delivered to the payee a certain note, &c. Here is an allegation that Case acted for the boat and its owners, but not that he was authorized thus to act. The words "*for and on behalf*," are not of such pregnant import as to amount to an averment of authority. They are terms of extensive meaning, and are sometimes used to indicate the legal representation of another, but they are equally appropriate to characterize an act done in the name of another under an assumed agency; and as words receivable in a double sense, are to be taken most strongly against the pleader, they cannot be held to amount to an allegation that the writing declared on was signed by the procuration of the defendants

What are the powers of a Clerk of a steamboat, we cannot judicially know, and unless his right to represent the owners is stated upon the record, we cannot intend it. An act done by the master of a ship, or boat, seemingly within the sphere of his duties and office, would perhaps be regarded as entirely proper; [Story's Agency, 151; Paley on Agency, 388,] but in the absence of all proof, we should be disposed to consider the Clerk as a subordinate of the Master, as possessing only such powers as he conferred, or the Master or owners might recognize.

The cases cited by the defendants' counsel are entirely unlike the present. In the first, the declaration alledged that the bond was executed by the defendants, through their agent, and the Court held, the execution was *prima facie* good. The other citations, so far as pertinent, only assert that the manner of the execution of a writing by an agent is immaterial, if it appear to be done on behalf of the principal; and that a writing signed by an agent may be alledged to have been made by the principal. These principles are undeniable; but the objection in the present case is, that the declaration does not show that the defendants made the paper through an agent or otherwise, but that the Clerk of the boat undertook to make it for them. If it had been averred that the defendants made it by J. A. Case, their agent, then the declaration would have been good, and they should have been put to their plea.

2. Forming an opinion from the facts disclosed in the bill of exceptions, we think Case was a competent witness under the general rule which permits an agent to give evidence for his principal. [2 Phil. Ev. 96-7, 254-5; 3 id. 1526-7; 2 Saund. Plead. and Ev. 737.] The writing upon its face, would indicate that Case did not intend to bind himself, but to acknowledge that the owners of the Choctaw were indebted; [Story's Ag. 144-5,] and if there was any thing to bring the witness within an exception to the general rule, it should have been shown and cannot be intended.

The testimony established, that the defendants were joint owners of the Choctaw, the services of Miller as an engineer, under a contract with the master, and that the sum expressed in the writing, was due at the time it bears date. This was

certainly sufficient to have authorized a recovery on the second count of the declaration.

For overruling the defendants' demurrer the judgment is reversed and the cause remanded.