## BROOKS & WILSON v. HARRIS, Assignee.

1. A suggestion by the plaintiff's counsel, of the bankruptcy of the party who instituted the suit, and the substitution of the assignee in bankruptcy as plaintiff, renders inoperative a plea of the defendant previously filed, alledging the bankruptcy of the plaintiff.

2. An allegation in the declaration, that the note on which the suit was brought, " was made by B, acting for himself, and as joint owner with W' of the boat," is not an allegation, that B had authority, as the agent of W, to execute the note in his name, so as to make the note evidence under the statute, unless contradicted by a sworn plea.

3. One part owner of a steamboat, has not the power to charge another part owner, by contracting debts in his name.

Error to the County Court of Mobile.

Assumpsit by Charles A. Kelly, against the plaintiffs in

error, on the following instrument: "Mobile, 11 Oct. 1841. Due Charles A. Kelly, or bearer, three hundred and thirty dollars, 29-100, for work and labor done, on steamboat Jewess.

(Signed) for steamboat Jewess, and owners.

ALPHONSO BROOKS."

Upon which the following declaration was filed:

Charles A. Kelly, &c. complains of Alphonso Brooks, and Levin J. Wilson, joint owners of the steamboat called the Jewess, in custody, &c. For that, &c. on the 11th October, 1841, the said defendant, Alphonso Brooks, for himself and the said Levin J. Wilson, joint owners of the said steamboat, made his certain due bill in writing, bearing date, &c.; and thereby, and then and there, for himself and the said Wilson, as owners of the said steamboat, promised to pay the said plaintiff, the said sum of $333 29. By means whereof, &c. There was also a count for work and labor.

The defendant Wilson pleaded, that since the making of the note, to wit, on the 20th January, 1842, the plaintiff was declared a bankrupt, by the district court of the United States. To this plea the plaintiff demurred.

When the cause came on to be heard, the plaintiff's attorney suggested to the court, that since the commencement of the action, the plaintiff, Charles A. Kelly, had been duly declared a bankrupt, under the bankrupt law of the United States, and that Ptolemy T. Harris, had been regularly appointed by the district court of the United States, the assignee in bankruptcy, whereupon the said P. T. Harris was by the court made the plaintiff in the cause. And the demurrer of the plaintiff, to the plea of the defendant Wilson, being sustained, a judgment was rendered in favor of the plaintiff, on the verdict of a jury.

A bill of exceptions found in the record, discloses, that the plaintiff offered evidence, tending to prove, that Wilson was an owner of the steamboat, prior to the date of the due bill, and the defendant, Wilson, having offered no evidence, except such as tended to show he was not a joint owner of the boat, the court charged the jury, that defendants being sued on a due bill, expressly made the foundation of the action,

Brooks & Wilson v. Harris, assignee.

without a plea, denying under oath the instrument declared on, it is evidence of the debt it expresses. And if there was sufficient proof, that Wilson was part owner, at the time the due bill was given, this, with the due bill, will bind him upon the pleadings.

The court having overruled the admissibility of the due bill as evidence, under the declaration, the defendant moved the court to charge, that although Wilson may have received a written transfer, of a former part owner's interest in the boat, yet if he was not concerned in navigating her, and assumed to exercise none of the rights of an owner, the mere possession of the title, would not make him liable in this action. 2. That the jury were not to regard the date of the due bill, as conclusive evidence, that the work was done at the time it bears date, or that Wilson was owner at that time.

These charges the court refused to give, but qualified the second charge, by saying, that if the due bill bore date during the joint ownership of Wilson, it was in the absence of other proof on the point, conclusive on him. This was excepted to, and these matters are now assigned as error.

PHILLIPS, for plaintiff in error.

By the third section of the bankrupt law, all rights of property of every nature are by the decree, *ipso facto*, by mere operation of law, deemed to be divested out of the bankrupt, and the same shall be vested by force of the decree in the assignee. The demurrer to the plea of bankruptcy therefore admits that the plaintiff was incompetent to prosecute the suit.

The note offered was variant from the allegation, and was not evidence under the special count, as matters of description are matters of substance when they go to the identity of the instrument. [1 Greenleaf Ev. 65, and authorities there cited.]

It was not necessary to deny the execution of the instrument by plea of *non est factum* under the statute, for the note is not signed by the defendant, nor by any one for him.

Nor does the declaration set forth any execution by a competent authority, as one joint owner of a boat has no autho-

rity to bind the other part owners by such an instrument. [Story on Part. 420, 426.]

The possession of the title by defendant did not make him liable for the contracts of the boat. [Jones v. Pitcher, 3 S. & P. 169; Leonard v. Huntington, 15 Johns. 298; Reynolds v. Toppan, 15 Mass. 372; Thorn v. Hicks, 7 Cowen, 698; Cutler v. Winson, 6 Pick. 339.]

T. A. HAMILTON, contra.

The case of plaintiff's bankruptcy, after commencement of suit, is analogous to the death of the party, and in the absence of any other rule, the statute of this State allowing the personal representative to make himself a party, might be considered as the rule to govern.

An assignee of bankrupt is allowed to sue out a writ of error to reverse a judgment rendered against the bankrupt. [Day v. Laflin, 6 Metc. 280.]

The plea in this case is a mere plea of bankruptcy of the plaintiff, and the suggestion of the bankruptcy upon the record, and the making the assignee a party, may be regarded as a mere admission of the suggestion of the plea making the proper party, which is authorized by the law of Congress.

Plea of bankruptcy properly demurred to because it appeared upon an inspection of the record that the defect was cured. When action was commenced in the name of the bankrupt, before the act of bankruptcy, the assignees may proceed, and if the court can see upon the whole record that the assignees are entitled to recover, they will use their utmost sagacity to give them judgment. [Hewitt v. Mantell, 2 Wilson, 374.]

The conclusion of the plea of bankruptcy, viz., that there is no person before the court authorized to conduct the suit, is a mere inference from the former part of the plea, and so regarded by the counsel for the plaintiff in error in his argument.

The defendant's plea may perhaps be properly regarded as a plea in abatement, and seems, in argument, to be so considered by plaintiff's counsel. If that be the case, then it should have been verified by affidavit, and is bad for the want of it.

Brooks & Wilson v. Harris, assignee.

Pleas, *puis darrein continuance*, are required to express every thing with extreme certainty; which was scarcely done in this case. [Vicary v. Moore, 2 Watts, 451.]

There was no variance between the first count in the declaration and the due bill offered in evidence. It was substantially described, and that is sufficient. [Greenleaf on E. 65, note.] Besides, the point was not raised in the court below, as shown by the bill of exceptions.

When a plea denies that a writing declared on is the defendant's act in law, or in other words, insists that it was not intended to impose a legal obligation or duty upon him, it must be verified by affidavit. [Lazarus, use, &c. v. Shearer, 2 Ala. Rep. 726; Sorrelle v. Elmes, 6 Ala. 706.]

The first charge asked by the defendant, was properly refused—there being no evidence to warrant it; also, because the charges given covered all the ground.

The second charge asked by defendant, was properly refused, or rather qualified by the court, under the facts as shown in the bill of exceptions.

The first charge given by the court, as to the effect of the due bill, and proof of Wilson's ownership, under the pleadings at bar, was correct, and covered the whole case, and rendered the other charges unnecessary, and inapplicable.

When stores were supplied to a ship, on the order of one of several owners, who acted as ship's husband, and took his note in payment, and gave a receipt in full, held, that all the owners were liable, the note not being paid. [7 Johns. 311.]

The owner of a vessel, as well as master, is liable for repairs done to it. [16 Johns. Rep. 89.]

The cases cited by the counsel for the plaintiff in error, will not sustain the idea that the owners of a boat are not liable for the repairs. Besides, they are inapplicable to the case before the court. [See cases cited by him—also, 4 Pick. 458; Perry v. Osborn, 5 Ib. 422; Higgins v. Pickard, 2 Hall, 226.]

ORMOND, J.—The bankruptcy of the plaintiff, certainly disabled him from the further prosecution of the suit, and made it necessary, either that it should be dismissed, or pro-

secuted in the name of the assignee in bankruptcy. The plea of the defendant, alledging the bankruptcy of the plaintiff, was certainly proper, but the suggestion of the same fact, by the plaintiff's counsel, was in effect, an admission of the truth of the plea, and rendered it inoperative, as it had performed its office. The substitution of Mr. Harris, the assignee, as plaintiff, on motion of counsel, must be understood to be with his consent, and if it was unauthorized, the counsel would be liable for the consequences of his act.

The due bill upon which the action is founded, was not executed by the defendant, Wilson, in person, and to bring it within the influence of the statute, making the instrument sued on, evidence of the debt, or duty, for which it was given, unless its execution is denied by a sworn plea, it must be alledged in the declaration, to have been executed by one, having authority to bind him. This is supposed to be the effect of the allegation here, but in our opinion no such effect can be accorded to it. It deduces the right of Brooks, to bind Wilson, from the fact that Wilson is a part owner with Brooks of the steam boat. The language of the declaration, is, that the due bill was made by Brooks, acting for himself, and as joint owner with Wilson, of the boat. But one part owner has not the power to charge another, by contracting debts in his name, and there is no allegation, that Brooks had authority, as agent of Wilson, to bind him by the execution of a note in his name. In Childress v. Miller, 4 Ala. Rep. 447, an attempt was made to charge the owners of a steamboat, on a due bill made by the clerk of the boat, "for steamboat Choctaw, and owners." It was held that these words, did not in themselves, import an authority to bind the owners, and that as the clerk of the boat as such, had not the right to admit an indebtedness on the part of the owners, the action could not be maintained. This is a decision expressly in point, as the statute applies only to such instruments, as are the foundation of the action; and this not being signed by the party sought to be charged, could only be obligatory on him, by being executed in his name, by one duly authorized to bind him.

The first motion of the defendant for a charge to the jury, was not authorized by the evidence in the record, it is therefore unnecessary to decide how far, or to what extent a part

owner, not engaged, or concerned in running, or navigating the boat, would be liable to the workman, for work and labor done upon the boat, not authorized by him.

Let the judgment be reversed, and the cause remanded.