## The Au Gres Boom Company v. William F. Whitney.

*Specific performance: Division of lot: North and south halves.* In a suit for the specific performance of a contract for the purchase of the north half of a certain lot which is bounded on the west side by a river which is not straight, and runs so that the north line of the lot is longer than the south line, where the evidence leaves it in doubt whether any division line between the north and south halves was ever agreed upon, the lot will be so divided by an east and west line as to make the two parts equal in quantity; a division such as to give the complainant one-half of the river front, is erroneous.

*Heard October 16. Decided October 22.*

Appeal in Chancery from Bay Circuit.

*McDonell & Cobb*, for complainant.

*Green & Scofield*, for defendant.

COOLEY, J.

This is a suit for the specific performance of a parol contract for the conveyance of lands, which, having been originally made with other parties, has come to the complainant by assignment. It is admitted that the contract was made, and that the land has been paid for; but the defendant insists that the inducement on his part to enter into the contract, was the purchase, by the same parties, of a considerable quantity of other lands, for which credit was given, but which are not paid for, and the purchasers having become insolvent, he is unable to enforce payment. And he insists that the two purchases were so connected in time and inducement as to be substantially one, and that it would be inequitable to enforce this contract while he is unable to enforce the other. The complainant, on the other hand, denies that the one contract was the inducement to the other, and insists that they were independent in their inception, and must be so in enforcement.

The theory of the complainant appears to us best supported by the evidence. The other contract was in writing, and was actually made before defendant became the owner of the land claimed in this suit; and whatever they may at that time have contemplated, as to the future purchase, the defendant has not shown to our satisfaction, that he had, or avowed at the time any intention to make this sale dependent upon the other. It does not, therefore, become necessary for us to consider whether, if such a purpose had been then expressed, we could have treated it as so far attaching to the written contract as to make them inseparable for the purposes of the remedy here sought.

The principal difficulty we have had, relates to the description of the land. The defendant sold the north half of a certain lot which is bounded on the west side by the Au Gres river. But the river is not straight at this point, and the north line of the lot is longer than the south line. The testimony leaves it somewhat in doubt, whether any division line between the north and south halves was ever agreed upon. The circuit judge directed such a division as would give complainants half the river front. This appears to us to be erroneous. The bill demands the north half of the lot; and the north half must mean the north half in quantity, divided from the remainder by an east and west line. If complainant insisted upon any other division, he should have claimed it by his bill; and he is not entitled to have it on evidence not called for by the issue. We can give him only what he has prayed for; namely, the north half, as the law would locate such description.

The decree must be modified to conform to this view, and neither party will recover costs on the appeal.

The other Justices concurred.