## Servetus Dart v. James T. Barbour and another.

*Deed: Description: Prior verbal understanding: Mistake: Reformation: Purchasers in good faith.* Where two persons have together purchased a triangular lot, receiving separate deeds, one of which conveyed the north half, and the other the south half of the lot, described by its number on the plat, and have respectively occupied the north and the south portions without any established division line between them, though one paid two-thirds and the other only one-third of the price of the whole lot, the one who paid the largest amount is not entitled, upon a showing of that fact and of a prior verbal understanding with the other as to the portion each was to get on the purchase, to have his deed corrected in the description according to such verbal understanding, upon the ground of a mistake of the scrivener, as against vendees of the other who have bought in good faith and without notice, assuming their grantor to be lawfully entitled to convey the very quantity denoted by the description in his deed.

*Equity pleading and practice: Reformation of deed: Description: Latent ambiguity: Inconsistent positions.* Under a bill to correct a deed on the ground of a mistake of the scrivener, the essence of which is that the terms of description were so essentially mistaken that nothing short of a reformation in equity could carry out the agreement, it would be inad-

missible, on proofs under which relief on this ground is not allowable, to grant substantially the same relief on the inconsistent ground that the deed presents a case of latent ambiguity which equity ought to remove through extrinsic proof of the intent.

*Ejectment: Deeds: Description: Latent ambiguity: Extrinsic proofs: Resort to equity.* Where a suit in ejectment is pending in which the recovery depends upon the construction of a deed which presents a case of latent ambiguity in the description susceptible of being cleared up by extrinsic proof, a resort to equity is unnecessary, for the explanation can as readily be made in the ejectment suit as in chancery.

*Deeds: South half: Half in quantity: Construction.* The deed in question in this suit, of "the south half of lot one," etc., does not present a case of ambiguity; the idea imported by the words "half of the lot" is half in quantity, and they are to be applied in that sense.

*Heard June 9.    Decided June 18.*

Appeal in Chancery from Oakland Circuit.

*A. C. Baldwin,* for complainant.

*M. S. Brewer* and *M. E. Crofoot,* for defendants.

GRAVES, CH. J:

In 1866 one John P. Foster owned lot one, as numbered on the plat of the eastern addition of the city of Pontiac.

The lot was triangular in shape, fronting on Saginaw street on the west, and running back to the Clinton river, and extending from the intersection of the street and river to another lot on the south, and being one hundred and sixteen feet in width on such south line.

At this time a cheap frame building was standing on the south part, and the defendants were occupying as Foster's tenants.

Foster was willing to sell the entire lot for one thousand two hundred dollars, and convey it in two parcels, and the complainant and one Bowlby purchased it in that way, each taking a deed for a distinct part. They agreed verbally between themselves that complainant should take the south part including the old building, and Bowlby the north part, and that the line dividing their parcels should run from the center of the front on Saginaw street, parallel with the south line of the lot, to the center of Clinton river, and that the

deeds to be made by Foster should be framed accordingly. This plan, besides giving to complainant the old building, gave him a much larger quantity of land than to Bowlby, and was supposed to give him an interest of twice the value, because it was part of the understanding that complainant should pay Foster eight hundred dollars, and Bowlby should pay four hundred dollars. It would seem that Foster left the preparation of the conveyances to complainant and Bowlby. They accordingly employed one Bowman, a local conveyancer, to draw the deeds, and gave him their instructions. But this gentleman, either through a mistake in the instructions given him, or a misapprehension as to the nature of the instructions, or for some other reason, in wording each deed described the land granted as "half" of the lot, that is to say, the land in the deed to complainant was described as the "south half" of lot one, and the land in the deed to Bowlby was described as the "north half" of lot one. These deeds thus drawn were inspected by the grantees, executed by the grantor, and regularly delivered and accepted. Both complainant and Bowlby appear to have been satisfied with the terms used by the conveyancer they had employed. After their purchase they made no attempt to fix any dividing line upon the ground, and performed no act tending to give any special practical construction to the terms of conveyance. At length Bowlby sold and conveyed to defendants, and the description in his deed to them was copied from that in the deed he received from Foster.

After this conveyance the defendants made claim to the north half of the superficial area of the lot, and the complainant resisted the claim and insisted that he was entitled to all south of a line starting at the center of the front of the lot on Saginaw street and extending on a line parallel with the south line of the lot, back to the center of the river. The parties were therefore in dispute about the strip which has been indicated across the center of the lot, and the defendants began an ejectment to recover it.

The complainant thereupon filed this bill, and alleged

DART v. BARBOUR.

that in preparing the deed he received there was a serious mistake to his great injury and loss, in the omission of words fixing and defining the portion of the lot he purchased, and assigning the boundary, and that the defendants knew he was entitled according to his claim. And as matter of relief he asked that the boundary between his portion of the lot and the portion of defendants should be fixed according to his agreement with Bowlby; that the mistake in the deed should be corrected, and that the defendants should be enjoined from the further prosecution of their suit to recover any portion of the lot south of the line so sought to be established.

The defendants answered, and among other things denied all knowledge whatever of any arrangement or understanding between complainant and Bowlby as to any division line other than that indicated by the terms of the deeds given by Foster, and they insisted that by such terms they were entitled to an equal half of the superficial area of the lot. They also inserted in their answer a clause in the nature of a demurrer to the bill.

Proofs were taken, of which the material portion consisted of the depositions of the parties, and of Bowlby, and of the conveyancer, Bowman. The court, on final hearing, dismissed the bill, and the complainant appealed.

*First,* We consider it very clear upon the pleadings and evidence that, as against the defendants at least, the complainant is not entitled to relief on the basis of the alleged verbal agreement between himself and Bowlby concerning the amount of area of the lot each was to have through the combined purchase, but in separate parcels, from Foster. The proof is decisive that, until after their purchase from Bowlby, the defendants had no notice that any such agreement had been made, or that the division line was to be otherwise than according to the legal sense of the descriptive terms.

They seemed to have bought in good faith, and to have assumed, and to have had the right to assume, that their

grantor was lawfully entitled to convey, and did convey to them the very quantity denoted by the description in their deed. If, then, it be admitted that a mistake was made, which, as between complainant and Bowlby, a court of chancery would correct, a point not free from question, it is yet very certain that the change prayed for cannot be made as against defendants.

*Second,* The complainant now contends that if relief is not allowable on this ground, he is still entitled to be aided by the court on others. If we correctly apprehend his position here, it is that the deed presents a case of latent ambiguity which the court ought to remove through extrinsic proof, and that the description, when read in the light of such proof, as it appears in the record, describes the land deeded to complainant to be according to his claim.

This position is not considered tenable. In the first place, it is not consistent with the case the complainant sets up. The essence of the bill is that the terms of description were so essentially mistaken that nothing short of a reformation in equity can carry out the agreement, and if this be conceded, it would seem to negative the idea that the state of facts exhibits a case in which the defect is subject to be cured by mere exposition of the terms, either with or without extrinsic help.

In the second place, it may be observed that should the deed be regarded as presenting a case of latent ambiguity susceptible of being cleared up by extrinsic proof, there could, in that event, be no occasion for resorting to equity under the circumstances, because the explanation could be made as readily in the ejectment suit as in chancery.

Finally, however, we think the description does not present a case of ambiguity. The terms in themselves are distinct and clear, and when they come to be applied to the subject matter, we discover nothing equivocal or uncertain. Each deed was for a half of the lot, and, unless we distort the sense, we are compelled to find according to the idea imported by the words, and the idea imported by the words

"half of the lot" is half in quantity.—*Au Gres Boom Co. v. Whitney, 26 Mich., 42.* In thus holding we are not to be understood as saying that cases may not arise where on application to the subject matter the term half, or a similar expression, would not require to be received and applied in some qualified sense. The present case does not, however, authorize any such departure from the *prima facie* meaning.

The decree below should be affirmed, with costs.

The other Justices concurred.