ABIAH A. R. HEYER v. JOHN H. LEE.

*Land contracts—strict construction.*

A grantor is bound by the exact terms of his contract of sale in respect to quantity.

Appeal from Berrien. Submitted January 17. Decided January 31.

SPECIFIC PERFORMANCE. Defendant appeals.

*Potter & Potter* for complainant. An unambiguous contract cannot be explained by parol, *Ins. Co. v. Throop,* 22 Mich., 150. A parol reservation cannot be made after a contract is signed, *Vanderkarr v. Thompson,* 19 Mich., 86. No evidence is admissible to contradict the terms of a written contract, *Adair v. Adair,* 5 Mich., 204; *Schwarz v. Wendell,* Walk. Ch., 267; *Jones v. Phelps,* 5 Mich., 218; *Holmes v. Hall,* 8 Mich., 66; *Cline v. Hubbard,* 31 Mich., 237.

*N. A. Hamilton* for defendant. Parol evidence of circumstances is admissible to aid in construing a written contract, *Gray v. Harper,* 1 Story, 574; 1 Greenl. Ev., §§ 277–286; *Facey v. Otis,* 11 Mich., 218; *Norris v. Showerman,* 2 Doug. [Mich.], 25: Walk. Ch., 206; *Reed v. Merchants' Ins. Co.,* 17 Am. L. Reg., 64. Terms of quantity are sometimes used indefinitely in deeds, *Schmitz v. Schmitz,* 19 Wis., 207; *Dart v. Barbour,* 32 Mich., 268. If a contract is of doubtful construction and the conveyance made in pursuance of it is unequivocal, the latter may be the best evidence of the actual agreement, Kerr on Fraud and Mistake, 423; the acceptance of the deed is *prima facie* to be considered the execution of the contract, *Houghtaling v. Lewis,* 10 Johns., 298. The specific performance of a contract is left to the discretion of the court to be decreed or not according to the circumstances

(*Smith v. Lawrence,* 15 Mich., 501; *McMurtrie v. Bennette,* Har. Ch., 124) and the real intention of the parties, *Chambers v. Livermore,* 15 Mich., 382.

GRAVES, J. Complainant granted to defendant certain real estate in Chicago in exchange for part of a fruit farm in Berrien county. The original bargain was made in writing in Chicago, and was consummated April 20th, 1875. The premises to be conveyed by defendant were described therein as "being the south half of the fruit farm now owned by him in the south half of section thirty-four, township four south, range nineteen west, in the town of St. Joseph, county of Berrien, State of Michigan." April 24, 1875, the defendant, assuming to adhere to the requirements of the written contract, made a deed, and May 3d caused it to be delivered to complainant.

The terms of the description were wholly unlike those in the contract. The premises were described by metes and bounds, and the particulars were long and intricate. No one who had not previously applied the description to the place could gather from it whether it covered the premises identified by the contract or not. Still the deed was given by defendant as answering the same purpose as one containing the contract description, and complainant in good faith received it in the belief that there was no variance in effect.

Some time after the conveyance it was discovered by complainant that the bounds given in the deed included forty-nine hundredths of an acre less than half of the farm, and that if the lines were run in such manner as to give her the actual south half they would include a valuable barn, which, as the lines are given in the deed, is left on defendant's part of the farm. She then filed this bill to compel conveyance of the fraction of an acre with the barn on it, and the circuit court decreed in her favor and the defendant appealed. Complainant is satisfied with the decree as entered.

The case will not admit of much discussion. The

defendant does not claim to have committed any mistake or to have been defrauded. He deliberately furnished both descriptions. His position is that he did not intend to sell the barn nor the actual south half of the farm, and used the expression "south half" in a conventional or modified sense only, and that complainant in fact received the deed with the description written in it as a grant of the lands bargained to her.

There is some evidence in the record that after the bargain was entered into and the parties had become bound by writing the complainant was told by defendant where the lines would run to include the premises as described in the contract, and was further told that the barn would be outside.

Admitting this to be good evidence, and still the defense is not advanced. There is no evidence that she then had any suspicion that the description so given did not embrace the south half of the farm, or that the barn was in fact within and not outside of that actual division. She was entitled to believe that the defendant knew where the lines would run in setting off the south half of the farm, and she was relying on his good faith and accuracy. If his representation was not correct he ought not to profit by it. Certainly he cannot make use of her refusal to assume he was stating what was not true, as an admission that what he said was correct, or as evidence of her acquiescence in the claim that the lines pointed out were in fact just such as the contract meant. The case does not require consideration of the rule which allows surrounding facts to be introduced to assist in ascertaining in what sense ambiguous, equivocal or conventional expressions have been used.

Yielding to defendant's evidence all the force which can be fairly claimed for it in favor of his position, and it is not perceived that it presses at all against the claim of complainant founded on the terms of the written contract. The writing remains the best interpreter of the

intent of the parties, and the terms of description which the defendant deliberately furnished do not seem to have been used in a latent sense.

We discover no ground for saying that the expression in the contract should not receive its apparent meaning and be construed as binding defendant to convey the actual south half of the farm.   *Au Gres Boom Co. v. Whitney*, 26 Mich., 42;   *Dart v. Barbour*, 32 Mich., 267;   *Goodenow v. Curtis*, 18 Mich., 298.

The decree below should be affirmed with costs.

The other Justices concurred.