[No. 904.   Decided February 7, 1894.]

ANNIE J. LANDERS, *Appellant*, v. JOHN F. MCINTYRE *et al.*, *Respondents*.

SPECIFIC PERFORMANCE—SUFFICIENCY OF TENDER.

Where a real estate broker, at the time of negotiating a sale, has contracted with the purchaser to purchase back the land in one year at an advance of twenty per cent. upon the price, if the purchaser should so elect, and the purchaser has taken a bond for a deed from the owner of the land in which time was made of the essence of the contract, and full payment has not been made within the stipulated time, the purchaser cannot recover from the broker by offering to have all right and title acquired under the bond transferred to the broker, but the purchaser must tender a deed conveying a good and sufficient title.

*Appeal from Superior Court, King County.*

*Hudson & Holt*, for appellant.

*Rupert & Fitzgerald*, for respondents.

The opinion of the court was delivered by

ANDERS, J.—It appears from the complaint in this action that, on September 23, 1889, the respondents, McIntyre & Plum, a real estate firm, negotiated a sale to J. A. Reid of certain described real estate in the city of Port Townsend, owned by one William Payne.   On the same day they entered into a contract with said Reid whereby, in consideration of said purchase, they guaranteed to him that said property would pay him twenty per cent. profit in one year from that date, and thereby bound themselves

to purchase said property at said advance, one year from date, if said purchaser should so elect.

On September 24, 1889, said Payne executed a bond for a deed of said property to the said Reid, in which time was made of the essence of the contract, conditioned that if the obligor therein, on or before the 24th day of September, 1890, should make, execute and deliver unto the said Reid, provided that the said Reid should, on or before that day, pay to the said obligor the sum of $2,000, with interest thereon at the rate of ten per cent. per annum from date until paid, in the manner therein specified, a good and sufficient conveyance of said property, with the usual covenants of warranty, then the obligation should be void, otherwise to remain in full force and virtue.

On December 6, 1889, the said Reid duly assigned said bond to the appellant. On April 30, 1892, the said Reid assigned and transferred to the appellant all of his right and interest in, and claim under, the aforesaid agreement of September 23, 1889. At the time of the making and delivery of the bond the said Reid paid to the said Payne the sum of $500, and thereafter paid the further sum of $875, in accordance with the stipulations of said instrument. Nothing further was paid by him upon the bond.

It is alleged by the appellant that in all these transactions the said Reid acted as her agent, and that the money so paid was paid, in fact, by her as principal. It is also alleged in the complaint that said Reid, on behalf of the plaintiff and at her direction, within and at one year from the date of said guaranty and agreement, did elect to have said defendants purchase the property described in said contract and agreement, and did inform the defendants of the fact of his said election, and did call upon and demand of them that they should comply with the said contract and agreement and take said property and bond for a deed, and did, acting on behalf of said plaintiff, offer to have said

bond and all right and title acquired thereunder duly transferred and assigned to them. But that the said defendants, in violation of their said contract, failed and refused to purchase the said property or to accept any assignment of said bond for a deed, or to pay to the plaintiff any portion of the sum which they agreed to pay for the said lots under the said contract. A general demurrer was interposed to the complaint, and was sustained, and this ruling is the only error assigned.

From the above it will be seen that neither the appellant nor Reid tendered a deed or even an assignment of the bond to the respondents. Said Reid simply offered to have said bond and all right and title acquired thereunder transferred and assigned to them. And it is contended on behalf of the respondents that the plaintiff, upon the allegations of the complaint, is not in a position to maintain this action. The respondents, McIntyre & Plum, proposed to purchase the property at the price mentioned in their contract, within one year from the date thereof.

In a contract of this kind, where nothing is said as to the nature and extent of the title to be conveyed, the law implies that a conveyance transferring a good and sufficient title shall be made, and this is not satisfied by a tender of a contract to convey. See *Witter v. Biscoe*, 13 Ark. 422; *Ankeny v. Clark*, 1 Wash. 549 (20 Pac. 583).

At the time this offer was made the title to the property in question was still in Payne, and he was the only person who could have made a conveyance of the same; and according to some of the authorities such a contract as the one now under consideration would not be fulfilled even by a tender of a valid deed from a third person. *Hussey v. Roquemore*, 27 Ala. 281. And, besides, the appellant and her agent, Reid, having failed to comply with the conditions of the bond, were not in a position to enforce a conveyance of the premises, even from Payne himself.

Without undertaking a discussion of the question as to whether the contract between McIntyre & Plum and Reid was assignable or not, we are of the opinion that the complaint in this action does not state facts sufficient to constitute a cause of action against the respondents, and that the demurrer thereto was properly sustained.

The judgment is affirmed.

DUNBAR, C. J., and STILES, SCOTT and HOYT, JJ., concur.