[No. 2299.  Decided December 4, 1896.]

ELIZABETH W. OWEN *et al., Respondents,* v. M. C. HEN-
DERSON, *Appellant.*

DEEDS — DESCRIPTION OF LAND — CONSTRUCTION — PAROL EVIDENCE —
RESCISSION.

A deed conveying the " west half " of a fractional lot according to
the government survey, which contains less than a legal subdivision
of forty acres, conveys an equal half of the lot in area, and does not
restrict the conveyance to the quantity of land lying west of a line
drawn north and south midway between, and parallel to, the side
lines of said lot.

There being no ambiguity apparent upon the face of a deed con-
veying the west half of a fractional lot of land, parol evidence is in-
admissible for the purpose of establishing the intent of the parties.

Where, under the terms of a contract for the sale of land, time is
made of the essence thereof, the purchaser may rescind and recover
the amount paid on the purchase price with interest, if at the time
fixed for the performance the vendor has not a marketable title to
the land contracted for.

Appeal from Superior Court, Kitsap County.—Hon.
JOHN C. DENNEY, Judge.  Reversed.

*H. E. Shields,* and *John K. Brown,* for appellant:

The authorities are uniform, so far as the question
has been the subject of adjudication, in upholding
appellant's contention that the deed to Boulette con-
veyed the westerly one-half of lot one in area, as is
shown by the following citations :  *Dart v. Barbour,* 32
Mich. 267; *Au Gres Broom Co. v. Whitney,* 26 Mich. 42;
*Heyer v. Lee,* 40 Mich. 353 (29 Am. Rep. 537); *Jones v.
Pashby,* 48 Mich. 634 (29 N. W. 374); *Hartford Iron
Mining Co. v. Cambria Mining Co.,* 80 Mich. 496.

Time being of the essence of the contract, and the
complaint alleging a tender only on the day named
therefor in the contract, evidence of a second tender

on November 22, 1894, nearly a year thereafter, was inadmissible. *Hogan v. Kyle,* 7 Wash. 595 (38 Am. St. Rep. 910); *Drown v. Ingels,* 3 Wash. 424; 1 Warvelle, Vendors, p. 108; *McCroskey v. Ladd,* 96 Cal. 455.

*Arthur & Wheeler,* and *James B. Dowd,* for respondents:

Appellant relies upon the deed to Boulette, containing the words " west half," and the mesne conveyances thereof to respondents. The lot having been divided by deeds of conveyance to two different parties, the intention of the parties as to the location of this line will be sought for from all the deeds. The grantees each supposed that they were buying about twenty acres. Each had an opportunity to ascertain the true quantity. If he chose not to avail himself of that opportunity, but to buy and sell by boundaries and describe the land as containing so many acres, and it subsequently appeared that there was a mistake in the quantity but not in the boundaries the sale will be binding. *Morris Canal Co. v. Emmett,* 9 Paige, 168 (37 Am. Dec. 388); *Stebbins v. Eddy,* 4 Mason, 414; *Marvin v. Bennett,* 8 Paige, 312; *Jackson v. McConnell,* 19 Wend. 175; *Smith v. Evans,* 6 Binn. 102 (6 Am. Dec. 436); *Boar v. McCormick,* 1 Serg. & R. 166; *Greer v. Squire,* 9 Wash. 363; *Powell v. Clark,* 4 Am. Dec. 67; *Slaughter's Adm'r. v. Gerson,* 13 Wall. 379. The deed conveying the west half of lot 1 was executed first, and it controls in a conflict as to the boundary line between the two halves of the lot. *Flynn v. Sparks,* 11 S. W. 206; *Keller v. Shelmire,* 7 South. 587.

The word half used in the descriptive part of the deeds has no reference to quantity, and does not mean one of two equal parts. The presumption is that the word, used as it is, relates solely to boundaries and indicates one of the legal subdivisions of the public do-

main.   The word "west" indicates where to find the monument or corner stone from which to start, and the direction to be pursued; and the word "half" indicates the number of chains to go in that direction.

In construing the language of a deed, the object sought is certainty.   Quantity is not the guide, if the intent can be otherwise ascertained; for quantity is the least certain of all tests.   *McClintock v. Rogers*, 11 Ill. 279 (30 Am. Dec. 741); *Martin v. Carlin*, 19 Wis. 454 (88 Am. Dec. 696); *Neff v. Paddock*, 26 Wis. 551; *McEvoy v. Loyd*, 31 Wis. 145; *Packscher v. Fuller*, 6 Wash. 539; *Greer v. Squire*, 9 Wash. 362; *Campbell v. Clark*, 8 Mo. 553; *Campbell v. Johnson*, 44 Mo. 247; *Dalton v. Rust*, 22 Tex. 134; *May v. Baskin*, 12 Smedes & M. 430.

Oral testimony to show the location of the boundary line at the time of the conveyance of the west half of the lot to O. A. Boulette was admissible.   What constitutes a boundary line is a fact to be determined by the jury.   Where a word has a dual meaning, affecting the location of a boundary line, it constitues a latent ambiguity.   2 Parsons, Contracts, (2d ed.) § 78; 1 Greenleaf, Evidence, (7th ed.) § 286; 3 Washburn, Real Property, (4th ed.) p. 407; 1 Warvelle, Vendors, p. 376, § 6; *Stanley v. Green*, 12 Cal. 163; *Ganson v. Madigan*, 15 Wis. 144 (82 Am. Dec. 659); *Prentiss v. Brewer*, 86 Am Dec. 733, and note; *Turner v. Union Pacific Ry. Co.*, 112 Mo. 542.

The opinion of the court was delivered by

GORDON, J.—Respondents brought this action to recover the balance alleged to be due on a written contract entered into between the parties on the 13th of December, 1892, by the terms of which the respondents agreed to sell and the appellant to buy certain

premises described as lots 16, 17, 18 and 19, in the
town of Charleston, Kitsap county, for the sum of
$1,300, of which $100 was paid down at the time of
entering into the contract, $500 was paid on the 15th
of December, 1892, and the balance was to be paid on
or before December 12, 1893.

The complaint alleges that on said last mentioned
day a tender was made of a good and sufficient deed
of conveyance, and a demand upon appellant for the
payment of the balance of the purchase price.

The answer admits the making of the contract and
payment of $600 on account thereof, and for defense
and counterclaim alleges a want of title in the plain-
tiffs (respondents) on December 12, 1893; that on that
day, namely, December 12, 1893, defendant (appel-
lant) tendered to plaintiffs the amount remaining due
under the terms of the agreement and demanded a
deed conveying to defendant a good title to the premi-
ses in fee simple : and that thereafter, on the 2d day
of January, 1894, defendant elected to rescind on ac-
count of the plaintiff's failure to comply with the
terms of the written contract; that thereupon defend-
ant notified respondents of such rescission and de-
manded from them the re-payment of the sum of
$600 theretofore paid. The case was tried by the
court without a jury and findings of fact and con-
clusions of law duly made, upon which judgment was
entered in favor of the plaintiffs, and defendant has
appealed.

Among other things the court found that on De-
cember 12, 1893, plaintiffs tendered to defendant "a
good and sufficient deed of conveyance of said real
property. . . . That at the time said tender was
made, and at all times mentioned herein, the plain-
tiffs owned said real estate and had a right to con-

vey the same." This finding was excepted to and is assigned as error. The record discloses that the premises embraced in the contract of sale between the parties are located in lot 1, section 22, township 24 north, range 1, east, W. M. This lot was owned on August 11, 1890, by W. H. Braden, M. L. Beets and R. C. Bott, who on that day conveyed to O. A. Boulette the "west half" of lot 1, section 22, township 24 north, range 1 east, W. M., according to the government survey, containing twenty acres more or less. It is the claim of the appellant that the grant of the "west half" conveyed to Boulette the west half in quantity and not the part lying westerly of a line drawn north and south midway between, and parallel to, the side lines of said lot. The lot is the fraction of a forty acre subdivision, a portion of the southeast corner being cut off by the bay. Boulette platted the town of Charleston on the west half of said lot only, and the premises concerning which this litigation arises lie on the easterly margin of the plat, and if appellant's contention as to the effect of the deed to Boulette is correct, the eastern portion of the premises described in the complaint do not lie within the grant to Boulette, and the plaintiffs had no title to that portion of the premises on the 12th of December, 1893; so that the sole question is, whether a deed conveying the "west half" of a fractional lot, which lot contains less than a legal subdivision of forty acres, *conveys* an equal half of the lot in area. We think it must be answered affirmatively and that appellant must prevail.

In *Hartford Iron Mining Co. v. Cambria Mining Co.*, 80 Mich. 491 (45 N. W. 351), the court say:

"The literal significance of the word 'half' is one of two equal parts into which anything may be

divided. . . . It must be held that the true boundary line between these two pieces of land is by a line, drawn north and south, dividing the lands into equal acreage."

Counsel for respondents strenuously insist that the question involved, being one of boundary, is to be determined by ascertaining the intention of the parties to certain conveyances made prior to the execution of the contract between the parties to this action, and further contend that the prior conveyances and the understanding of the parties thereto as ascertained from their testimony upon the trial, are sufficient to show that there were twenty acres in the tract known as the " west half."

We think that no proper case was presented calling for the introduction of parol evidence as to the intention of the parties. No ambiguity is apparent upon the face of the deed.

" There should be interpretation only when it is needed — that is only where, without it, the meaning or effect of the contract would be in doubt." *Hartford Iron Mining Co. v. Cambria Mining Co., supra.*

See, also, *Dart v. Barbour*, 32 Mich. 267; *Harris v. Oakley*, 130 N. Y. 1 (28 N. E. 531).

In the contract between the parties it is expressly stipulated that time was of the essence thereof, and it satisfactorily appearing that the defect in plaintiff's title was not remedied prior to the time when defendant elected to rescind, it follows that judgment should have been entered for defendant for the amount which she had paid upon the purchase price together with legal interest thereon from the dates of such payments. She was entitled to a marketable title and could not be required to accept less in quantity than what she had agreed to purchase and pay for. Under the word-

ing of this contract she was entitled to withdraw from its provisions and demand a return of the money theretofore paid by her upon it, at any time after the expiration of the time fixed by the contract for plaintiffs to perform their part, and before such actual performance.

The judgment will be reversed and the cause remanded for further proceedings in accordance herewith.

HOYT, C. J., and ANDERS and DUNBAR, JJ., concur.