PENN MUTUAL LIFE INSURANCE COMPANY V. JOHN J. CONOUGHY.

FILED MARCH 3, 1898.  No. 7913.

1. **Principal and Agent:** ACTION ON CHECK: PLEADING. In a suit against an insurance company on a dishonored check drawn by its general agent against the bank with which he kept an account

as such agent the petition contained two counts. *Held,* That the first count of the petition did not state a cause of action.

2. ——: ——: ——. The Code of Civil Procedure (sec. 92) requires a pleader to state the facts which constitute his cause of action or defense in ordinary and concise language; and the practice of adding a "common count" in a pleading is one not contemplated by the Code.

3. **Money Paid:** PLEADING: EVIDENCE. Evidence examined, and *held* not to sustain the averments of the second "count" of the petition.

ERROR from the district court of Adams county. Tried below before BEALL, J. *Reversed.*

*I. J. Dunn,* for plaintiff in error.

*M. A. Hartigan, contra.*

RAGAN, C.

John J. Conoughy, in the district court of Adams county, recovered a judgment against the Penn Mutual Life Insurance Company and one N. J. Schmidt. The insurance company has filed here a petition in error for a review of that judgment.

1. Conoughy in his petition for a first cause of action alleged that the insurance company and Schmidt on the 9th of June, 1893, made and delivered to one McGrath their check in writing payable to his order as follows:

"OMAHA, NEBRASKA, June 9, 1893.

"American National Bank: Pay to the order of F. J. McGrath seventy ($70) dollars.

"N. J. SCHMIDT, *Gen'l Agt.*"

That McGrath afterwards indorsed and delivered the check for value to Conoughy; that he duly presented it for payment, and that it was dishonored; that no part of the check had been paid, and there was due to him, Conoughy, from the insurance company and Schmidt on said check the sum of $70, for which it called, and $2.50 protest fees. This count of the petition does not state a

cause of action against the insurance company. It does not appear upon the face of the check, or by any other averment in the petition, that Schmidt was the general agent of the insurance company, nor for whom he was general agent, and if the language of the petition could be construed as equivalent to an express averment that Schmidt when he drew this check was then and there the general agent of the insurance company, still the petition is fatally defective, because it contains no averment that Schmidt intended to bind his principal by the drawing of this check, nor that it was drawn in connection with his principal's business, nor that he had any authority to bind his principal by the drawing of bills of exchange. So far as the petition discloses, the check sued upon is the individual contract of Schmidt. The words "general agent" following his signature on the check are *descriptio personæ*, and if conjectures and inferences are to be indulged, then, so far as this count of the petition discloses, Schmidt's principal might have been the American National Bank. (*Webster v. Wray*, 19 Neb. 558; *Anderton v. Shoup*, 17 O. St. 125; *Bank v. Cook*, 38 O. St. 442.)

2. For a second cause of action Conoughy alleged "that on the 11th day of June, 1893, this plaintiff lent, expended, paid out, and advanced at the instance and request of the defendants, and for the use and benefit of the said defendants, the sum of $72.50, which said sum and amount they, the said defendants, then and there agreed to pay; that the said defendants have taken, accepted, and received the said sum of money, and have kept, retained, and appropriated the same to their own use and benefit, and though often requested to pay, have failed and refused to do so." We do not approve of this method of pleading. The Code of Civil Procedure (sec. 92) requires a pleader to state the facts which constitute his cause of action or defense in ordinary and concise language, and this practice of adding a "common count" in a pleading is one not contemplated by the Code. However, the aver-

ments on the second count in the petition are wholly un-sustained by the evidence. The facts of this case, as dis-closed by the record, are as follows: Schmidt, in June, 1893, was the general agent of the insurance company, soliciting insurance for it and collecting premiums on policies issued. The moneys collected by him he de-posited to his own credit in the American National Bank, the account being kept in the name of N. J. Schmidt, gen-eral agent, the bank knowing that he was the general agent of the insurance company. It appears that Schmidt had power to appoint subagents, and did ap-point McGrath, his contract with McGrath being that he, Schmidt, would pay McGrath a salary of $100 per month. McGrath was to solicit insurance for the insurance com-pany and to have a certain commission on the premiums collected. If the premiums on the business done by Mc-Grath in a month amounted to more than $100 the excess was to be paid to Schmidt; if they amounted to less than $100, Schmidt made up the deficiency. To pay McGrath's traveling expenses and enable him to go about the business for which Schmidt had employed him Schmidt drew the check in suit in favor of McGrath, and McGrath induced Conoughy to cash it. When the check was presented for payment it was dishonored. It seems that before this check was presented for payment the bank had paid out to the insurance company on Schmidt's check all the money which Schmidt had on deposit there. The theory of the counsel who represents Conoughy seems to be that the money to the credit of Schmidt in the bank was the money of the insurance company; that the check drawn by Schmidt was the insurance company's check, and that as the company drew its money out of the bank on which it drew the check before the latter was presented, therefore it is liable on this check to Conoughy. But this check was not the insurance com-pany's check. It is not only not a party to the check, but the check was not drawn by its direction or au-thority or knowledge, nor did it receive any benefit

Chicago, B. & Q. R. Co. v. Kellogg.

whatever from the check or its proceeds; and although Schmidt testified in this case that the money he had on deposit in the bank was the insurance company's money, this was a mere conclusion of law on his part and an erroneous one.  If the insurance company had drawn its draft against the bank for this money and the bank had paid it, it would have been liable to Schmidt for the money.  If the bank had refused to pay the insurance company's check, it would not have been liable for such refusal.  The fact that the bank knew that Schmidt was general agent of the insurance company and that he kept his account in the name of N. J. Schmidt, general agent of the insurance company, did not make the money he deposited the insurance company's money, nor compel the bank to take notice of the fact that it was the insurance company's money, nor authorize the bank to pay out that money on the orders of the insurance company.  The judgment of the district court is reversed and the cause remanded.

REVERSED AND REMANDED.