[No. 7400.   Decided December 26, 1908.]

C. E. LAWSON, *Appellant*, v. C. W. SPRAGUE, *Respondent*.[1]

VENDOR AND PURCHASER—ASSIGNEE OF CONTRACT—DEFAULT IN PAYMENT—CONTRACTS—AMBIGUITY. The assignee of an option to purchase land is not, by reason of failure in tendering payments, in default to the extent of rendering him liable to the assignor for the price agreed between them, where the option contract is ambiguous, stating in one place that $30,000 was the full purchase price, and in another requiring payments aggregating $38,000, in the absence of an explanation of the ambiguity or price.

PRINCIPAL AND AGENT—CONTRACTS—AUTHORITY OF AGENT—PLEADING. A complaint in an action upon an assignment of a contract to purchase land, alleged and set out as signed by the defendant, by "R. G. F. his agent," is insufficient to state a cause of action for the

[1]Reported in 98 Pac. 737.

money agreed to be paid in consideration of the assignment, when there is no allegation that the agent named was defendant's agent, or that he acted for defendant or had authority or intended to do so.

VENDOR AND PURCHASER—ASSIGNEE OF CONTRACT—DEFAULT IN PAYMENT—DEFECT IN TITLE—PLEADING—LEGAL CONCLUSIONS.  Where the vendor was not in position to convey property by a "good and sufficient title," by reason of the fact that part of the land was shore land belonging to the state, an assignee of the contract, under obligation to pay for the assignment upon the consummation of the deal, is not in default by reason of failing to tender the price, since a tender would have been unavailing; and a complaint by the assignor showing the defect in the title is not aided by pleading the contrary legal conclusion that defendant agreed to accept the title as exhibited, the contract set out calling for a good title.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered January 14, 1908, in favor of the defendant, dismissing an action on contract, upon sustaining a demurrer to the complaint.  Affirmed.

*Flueck & Bebb*, for appellant.

*Hastings & Stedman*, for respondent.

HADLEY, C. J.—This is an action to recover the sum of $5,500 from the defendant.  The cause was determined below on demurrer to the complaint.  The demurrer alleged, among other things, that the averments of the complaint are insufficient to constitute a cause of action against the defendant.  The demurrer was sustained and, for want of further pleading, the action was dismissed.  The plaintiff has appealed.

· The material contents of the complaint, as briefly stated as practicable, are as follows:  It is alleged that on September 12, 1906, the appellant became possessed of a valuable right, which was evidenced by a written instrument of that date as follows:

"Received from C. E. Lawson the sum of $1,000 (one thousand dollars) to apply on contract for the purchase price of lots 7, 8, 9, 10, 11 and 12, Blk. 105, D. T. Denny's 1st Add. to No. Seattle, Washington.  The full purchase

price of said property to be $30,000, payable as follows: Fifteen thousand dollars cash in hand on delivery of title (including the amount of this receipt) and the balance. Purchaser to assume that $8,000 Mtg. running one and two years from last March at 6 per cent. and give second mortgage and notes as follows: Lots 7, $3,000; 8, $2,000; 9, $2,000; 10, $2,000; 11, $3,000, and 12, $3,000, payable in one and two years from date at 7 per cent. interest equal amounts, with interest on deferred payments at 7 per cent. per annum until paid. The said purchaser shall be furnished a complete abstract showing good and sufficient title to said property, and be allowed ten days for examination thereof; whereupon he agrees to complete the purchase in the manner and upon the terms herein, and that in case of his failure so to do, the said sum of money hereby receipted for shall be, at the option of the undersigned, forfeited as liquidated damage.

"It is further agreed that in the event of failure to convey good and sufficient title within 30 days from the date hereof, the said sum of money shall be refunded.

"Time is the essence of this contract. T. Berte Smith, Seller.

"Subject to the owner's approval, I hereby agree to the above provisions. C. E. Lawson, Purchaser."

It is next averred that, on September 29, 1906, the appellant, for a valuable consideration, sold and assigned to the respondent all the appellant's interest in the foregoing, and delivered to respondent with the assignment a written opinion of title, a copy of which is attached to the complaint, together with a complete abstract of title to the premises. It is further averred that the consideration which respondent agreed to pay for such transfer was set forth in a written agreement as follows:

"Seattle, Wash., September 29, 1906.

"For and in consideration of the sum of five hundred dollars, I, the undersigned, C. E. Lawson, hereby sell, assign, and transfer to C. W. Sprague, all my right, title and interest in and to the annexed receipt and contract. It is understood and agreed that the assignee herein shall pay to said C. E. Lawson the sum of five thousand and five hundred

($5,500) dollars in addition to the consideration herein above named. When the deed, covering the property named in said attached receipt, to-wit: Lots 7, 8, 9, 10, 11, 12, block 105, D. T. D. Denny's first addition to North Seattle, Washington, shall have been delivered by T. Berte Smith and wife to said C. W. Sprague or his assigns; it being understood that said sum of five thousand and five hundred dollars ($5,500) shall be paid upon the consummation of the transfer contemplated in said receipt.   C. E. Lawson.

"R. G. Fisher, Agent."

It is alleged that the receipt referred to in the foregoing memorandum is that given by Smith to appellant, a copy of which is hereinbefore set out; that, by further agreement with respondent, the 8th day of October, 1906, was fixed as the time when appellant's vendor should consummate the transfer to respondent; and that on said day the appellant's vendor, by his duly authorized agent, was present at the time and place designated by the respondent, and had in his possession and was ready and willing to deliver to respondent a deed duly executed conveying the premises to respondent; that respondent failed to appear at said time and place, and failed to make tender of the purchase price, or to claim delivery of a deed, and has at all times since so failed; that by reason of the foregoing, the sum of $5,500 became due and payable on October 8, 1906, and judgment is demanded for that sum with interest.

The question to be considered here is whether the foregoing facts as stated constitute a cause of action against the respondent. We think at least some of the objections to the sufficiency of the complaint which are discussed in respondent's brief must be held to sustain the judgment below. In the first place, it will be observed that the first written instrument above set forth states in one place that the full purchase price for the land is $30,000, but in that part of the instrument which specifies how the payments shall be made, it appears that the required payments aggregate $38,-000. It is therefore evident that the contract is so ambiguous

19—51 WASH.

and indefinite that the purchaser, and particularly the assignee of the purchaser, who must refer to the written instrument as the foundation of all his rights in the premises, was not advised what sum he should tender to the owner, particularly by way of executed notes secured by second mortgages, and it is not alleged that the respondent was more definitely advised by demand from the owner or otherwise. In view of the aforesaid ambiguity, until it is shown that the respondent was definitely advised as to the actual intention with reference to the purchase price, he should not be held to be in default under the option to the extent of making him now personally liable to appellant.

Again, it will be remembered that the respondent's relation to this matter arises wholly from an alleged assignment of the purchaser's option, and the allegation is made that respondent executed the second written instrument set out above, which purports to contain a promise to pay the appellant $5,500 more under certain conditions therein named. The agreement shows upon its face, however, that it was not made by respondent himself, as it was not signed by him. It bears the signature of "R. G. Fisher, Agent"; but there is no allegation in the complaint that Mr. Fisher was the agent of the respondent, that he acted in respondent's behalf, that he had authority to do so, that he signed the instrument for respondent, or that he, as agent, intended to bind the latter. The only attempt to connect respondent with it is by the following allegation: "And as a further consideration for said assignment said defendant on the said date agreed to pay to said plaintiffs the sum of $5,500 in accordance with the terms of memorandum, true copy of which is set out below, which was then and there executed." It is pertinently observed by respondent's counsel, however, that the above averment is simply the pleader's conclusion as to the legal effect of the instrument, which is specifically and fully set out. The contract being set out, it must speak for itself, and the demurrer does not admit the pleader's legal con-

clusions concerning it. The court must construe its effect independently of the pleader's interpretation of it.

"Where the contract is in writing and appears on its face to be the personal contract of the agent only, it must be declared on as made by the principal through the agent." 16 Ency. Plead. & Prac., p. 901.

See, also, *Buffalo Catholic Institute v. Bitter,* 87 N. Y. 250; *Bonnell v. Griswold,* 68 N. Y. 294; *Penn Mut. Life Ins. Co. v. Conoughy,* 54 Neb. 123, 74 N. W. 422. In the last-named case, the following observations of the court we think are particularly apt here:

"This count of the petition does not state a cause of action against the insurance company. It does not appear upon the face of the check, or by any other averment in the petition, that Schmidt was the general agent of the insurance company, nor for whom he was general agent, and if the language of the petition could be construed as equivalent to an express averment that Schmidt when he drew this check was then and there the general agent of the insurance company, still the petition is fatally defective, because it contains no averment that Schmidt intended to bind his principal by the drawing of this check. nor that it was drawn in connection with his principal's business, nor that he had any authority to bind his principal by the the drawing of bills of exchange. So far as the petition discloses, the check sued upon is the individual contract of Schmidt. The words 'general agent' following his signature on the check are *descriptio personae,* and if conjectures and inferences are to be indulged, then, so far as this count of the petition discloses, Schmidt's principal might have been the American National Bank."

It furthermore appears from the complaint, by the attorney's opinion concerning the title, a copy of which is attached to the complaint and made a part of it, that the appellant's vendor could not carry out the terms of the original contract, for the reason that four of the lots described in that agreement are shore lands under the waters of Lake Union, the title to which was in the state of Washington. It is true that the bare averment is made that the respondent agreed to ac-

cept the title as exhibited in the attorney's opinion. But that is another statement of a legal conclusion as the pleader's interpretation of the effect of the written instrument. The instrument to which respondent is alleged to have been a party recites that he shall pay appellant when the deed conveying the property shall have been delivered by appellant's vendor to appellant or his assigns, and that the payment shall be made "upon the consummation of the transfer contemplated in said receipt." The transfer contemplated in the receipt mentioned is described therein as the conveyance of "good and sufficient title within thirty days from the date hereof." The context of the complaint, including the alleged written instruments, therefore shows that respondent was to receive "good and sufficient title," and any averment to the contrary effect is a mere conclusion. The vendor was, therefore, not in position to convey the lots to either the appellant or to the latter's assignee, the respondent herein. Under such circumstances, a tender or offer to perform on respondent's part would have been a useless ceremony, and his failure to do so cannot be made the basis of recovery in behalf of appellant, on the theory that respondent was in default in such a way as to render his alleged promise to pay appellant an absolute obligation. Respondent was entitled to a marketable title to all the lots, a thing which appellant's vendor could not deliver, and respondent could therefore withdraw without being under any further obligations in the premises. *Owen v. Henderson*, 16 Wash. 39, 47 Pac. 215, 58 Am. St. 17; *Landers v. McIntyre*, 8 Wash. 203, 35 Pac. 1095; *Ankeny v. Clark*, 1 Wash. 549, 20 Pac. 583.

For the foregoing reasons, we think the court did not err in sustaining the demurrer to the complaint, and the judgment is affirmed.

FULLERTON, MOUNT, CROW, and DUNBAR, JJ., concur-