## IVANILLA LAVIS v. JOHN F. WILCOX.[1]

December 8, 1911.

Nos. 17,274—(130).

**Description in deed.**

The words "the north half," used in the conveyance of part of a platted block of land, mean the half of the block in area lying north of an east and west line drawn through the block, unless the context and surrounding facts require that these words be given a different meaning.

Action in the district court for Hennepin county to determine a boundary line. The answer of defendant Wilcox prayed for the reformation of the deed from George Summers to defendant and of the deed from Ida G. Cedarstrand to plaintiff, and that, when reformed, the boundary be determined. Ida G. Cedarstrand, George Cedarstrand and another were made parties to the action and filed answers to the cross bill of defendant Wilcox. The case was tried before Dickinson, J., who made findings and as conclusions of law found that plaintiff was entitled to judgment, that she was the owner of one-half of the total area of block four, lying north of an east and west line extending through and across said block, and that the boundary line between the land of plaintiff and that of defendant Wilcox in said block four was determined and established as the direct east and west line across said block, which will divide the total area of said block in two equal parts, according to the plat of the addition on file and of record in the office of the register of deeds in and for said county. From the judgment entered pursuant to the findings, defendant appealed. Affirmed.

*Arthur M. Higgins,* for appellant.

*Edward T. Teitsworth,* for respondent.

[1]Reported in 133 N. W. 563.

SIMPSON, J.

This is an appeal by the defendant from a judgment. The action was brought to determine the boundary line between land of the plaintiff and land of the defendant. One Summers owned block 4 in Mann's addition to Birch Bluff, in Hennepin county, and by deeds bearing the same date conveyed to the defendant "the south half of block 4" and to one Cedarstrand "the north half of block 4." Cedarstrand, in turn, conveyed to the plaintiff by the same description. Block 4, so conveyed, contains about five acres. The east boundary line of the block is a section line, the south boundary line extends at right angles from the east line, and the west boundary line is parallel with the east boundary line, but is considerably shorter. The northerly boundary line, therefore, extends from the northeast corner of the block southwesterly to the west boundary line.

The plaintiff claimed under her deed the half in area of the block lying north of an east and west line through the block. The defendant claimed, first, that under his deed as drawn he took the part of the block lying south of a line bisecting the east and west boundary lines —that is, south of a line extending from the middle point of the east boundary line to the middle point of the west boundary line; second, that through mistake and inadvertence the tracts of land conveyed by the deeds were described as the north and south halves of the block, instead of the tracts north and south of a line extending from the middle point of the east boundary line to the middle point of the west boundary line—the tracts intended to be conveyed; and the defendant in his answer asked that the grantors in the deeds to the plaintiff and the defendant be made parties to the action, and that the deeds be reformed to describe the tracts intended to be conveyed.

The case went to trial; the plaintiff and defendant being the only parties. The trial judge determined the boundary line as claimed by the plaintiff, and refused to find that through mutual mistake the deeds, as drawn, did not contain the intended description of the lands conveyed.

There was a conflict in the evidence relating to the circumstances of the making of the conveyances. Without passing on the point, not argued by counsel, as to whether the question was properly before the

court, it appears from an examination of the evidence that the trial court's refusal to find that a mistake was made in the descriptions used in the deeds was warranted by the evidence.

It only remains to consider the meaning of the deeds as drawn. The words "the north half" of the specified block, used in the deed to plaintiff, standing alone, mean the half in area of the block lying north of an east and west line drawn through the block. Such part of the block in all respects complies with the description used in the deed, both as to area and location. Cogan v. Cook, 22 Minn. 137; Au Gres v. Whitney, 26 Mich. 42; 21 Cyc. 358.

The words used in the deed "the north half," must be given their usual and ordinary meaning, unless the context and surrounding facts show a contrary intention. In the deed under consideration there are no terms which would in any way require that these descriptive words be given any other meaning to carry out the intention evident in the deed when taken as a whole. The deed refers to block 4, as platted. No meaning other than the literal meaning is suggested by the application of the words of the deed to the block of land, a part of which is conveyed. With the exception of the northerly boundary line, the lines bounding this block are north and south and east and west lines. The rule governing the subdivision of sections according to the surveys of the United States has no application to the subdivision of a block of land in a municipal plat. The rule established as to government surveys doubtless is based on the presumed accuracy of the survey. As applied to square sections, it makes an accurate subdivision, both as to area and location. Applied to platted lots of irregular form, the division would often be inaccurate in both respects.

The description being free from ambiguity, the intent of the parties thereto must be derived from the deed itself, and not from extrinsic facts. Therefore evidence of the topography of the land and the resulting opportunities of access to the highway cannot affect the meaning of the descriptive terms used in the deed.

Affirmed.