## WESTERN UNION TELEGRAPH CO. v. ECKHARDT. (No. 937–5042.)

Commission of Appeals of Texas, Section B. Jan. 2, 1929.

Francis R. Stark, of New York City, and Hart, Patterson & Hart, of Austin, for plaintiff in error.

Robert Turpin and Henry H. Brooks, both of Austin, for defendant in error.

LEDDY, J. In a suit for damages on account of delay in delivery of an unrepeated interstate message, defendant in error was awarded a judgment against plaintiff in error for the sum of $500, with 6 per cent. interest thereon from the date of the accrual of the cause of action.

█ It is insisted by plaintiff in error that this item of interest was improperly allowed because the maximum liability, on an unre-.peated message, was expressly limited to the sum of $500, by reason of the following stipulation contained in the contract of transmission:

"The company shall not be liable for mistakes or delays in the transmission or delivery, or for nondelivery of any message received for transmission at the unrepeated message rate beyond the sum of $500.00."

The Court of Civil Appeals refused to sustain an assignment complaining of the recovery of such interest on the theory that the above stipulation should be construed as merely limiting liability and not the amount of the recovery; that while such interest was awarded as a· part of the damages sustained ·by reason of the breach of the contract, it was allowed for withholding the compensation and satisfaction of the liability arising by reason of a breach of the contract.

The parties to this contract will be presumed to have known at the time it was entered into that it was the settled policy of the courts of this state, in case of a breach thereof, to allow interest from the date of the accrual of the cause of action as a part of the damages. Under such circumstances it must be held that when the parties restricted the maximum amount for which the company should be liable it had reference to such liability as had theretofore been judicially determined to arise on account of the breach of such a contract.

The Supreme Court of Arkansas, in the case of Western Union Telegraph Co. v. Davis, 280 S. W. 977, construing the same stipulation involved in this case, denied a recovery of interest as a part of the damages. In passing upon the question it was said:

"The total damages are appraised at the time of the rendition of the judgment, and the restriction is placed in the contract upon the amount of damages to be recovered at that time."

A similar ruling was made by the Court of Civil Appeals for the Sixth District in the case of W. U. Tel. Co. v. Sharp, 5 S.W.(2d) 567.

█ Defendant in error insists that if the action of the court awarding the interest complained of was erroneous it was invited by plaintiff in error's pleading.

Plaintiff in· error's answer, after setting forth the stipulation involved, and pleading the same as a bar of defendant in error's right to recover in excess of the sum of $500, followed with this statement:

"To hold defendant liable in any event in this action beyond the sum of $500.00, *with* *interest from June 10, 1925*, would be in contravention of Art. 1, Sec. 8, Subdiv. 3 of the Constitution of the United States," etc.

In view of the fact that the stipulation relied on was pleaded in hæc verba as a defense to the cause of action asserted, its construction became a question of law for determination of the court. The statement in the answer as to the effect of the stipulation was but a legal conclusion of the pleader and is not of such a nature as to properly fall within the doctrine of invited error. Swift & Co. v. Hocking Valley Ry. Co., 243 U. S. 281, 37 S. Ct. 287, 61 L. Ed. 722; Bradley v. Clark, 133 Cal. 196, 65 P. 395; Lawson v. Sprague, 51 Wash. 286, 98 P. 737.

There are several assignments which raise other questions, but we think they were correctly determined by the Court of Civil Ap-

peals. We deem it unnecessary to discuss them here.

We recommend the judgments of the trial court and the Court of Civil Appeals be reformed so as to eliminate the recovery of interest from September 27, 1925, to March 3, 1927, and, as so reformed, that the same be affirmed.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both reformed, and, as reformed, affirmed, as recommended by the Commission of Appeals.