RUELLE *v.* GOODELL.

1. DEEDS—WARRANTY DEED—COVENANT AS TO QUIET POSSESSION.
   A warranty deed gives to the grantee thereof a covenant from the grantor that the latter guarantees the quiet possession of the premises described in the deed and that the grantor will warrant and defend title against all lawful claims (CL 1948, § 565.151).

2. SAME—PLEADING—BREACH OF COVENANT.
   Declaration in ejectment alleging that plaintiff had conveyed a lot to defendant's grantor and alleged that at time of plaintiff's conveyance he told his grantee he was keeping 50' frontage included within the description and which he was now claiming from defendant *held,* properly dismissed, since plaintiff was breaching his own covenant, where no claim is made that defendant knew of the oral agreement between his grantor and plaintiff.

Appeal from Houghton; Brennan (Leo J.), J. Submitted January 9, 1959. (Docket No. 40, Calendar No. 47,846.) Decided February 19, 1959. Rehearing denied April 13, 1959.

Ejectment by John Ruelle against Robert W. Goodell, doing business as Goodell Oil Company. Declaration dismissed on motion. Plaintiff appeals. Affirmed.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 16 Am Jur, Deeds §§ 340, 342.
[2] 14 Am Jur, Covenants, Conditions and Restrictions § 46.

*Andrew H. Wisti,* for plaintiff.

*Donnelly & O'Brien,* for defendant.

Kelly, J. ·The court granted defendant's motion to dismiss plaintiff's declaration, and plaintiff appeals.

The ·declaration alleged that on August 3, 1946, plaintiff conveyed by warranty deed to one Alex Jutila property described as "lot 13 in block 1 of the village of Houghton according to the plat thereof;" that the plat of block 1 was erroneous and "that at the time of the conveyance to Alex Jutila, plaintiff explained that he was retaining 50 feet of frontage on Sheldon avenue for lot 12;" that on September 20, 1952, Alex Jutila conveyed lot 13 to defendant herein, who in July, 1954, began to build a gasoline service station on said lot and who took possession of approximately 300 square feet of what plaintiff claims is his property.

No claim was made in the declaration that defendant knew of the oral understanding between plaintiff and Alex Jutila, or that defendant had any knowledge of the claimed fact that the plat was erroneous.

The lower court granted defendant's motion to dismiss on the ground that plaintiff was breaching his own covenant, contrary to the provisions of CL 1948, § 565.151 (Stat Ann 1953 Rev § 26.571), which provides that a conveyance of land by warranty deed gives to the grantee thereof a covenant from the grantor that the latter guarantees the quiet possession of the premises described in the deed and that he (grantor) will warrant and defend title against all lawful claims.

Plaintiff insists he is not trying to regain possession of lot 13, but 300 square feet of lot 12 which was erroneously included as part of lot 13 by the plat.

In *Dart* v. *Barbour,* 32 Mich 267, plaintiff and defendants' grantor purchased a lot, of which plaintiff was to get 2/3 and defendants' grantor 1/3. The scrivener, mistakenly, drew up deeds giving each one 1/2. The deeds were read and accepted by them and after the purchase no attempt was made to establish a dividing line. Subsequently defendants purchased the lot and the description in their deed was taken from their grantor's deed. The court held (p 270):

"We consider it very clear upon the pleadings and evidence that, as against the defendants at least, the complainant is not entitled to relief on the basis of the alleged verbal agreement between himself and Bowlby concerning the amount of area of the lot each was to have through the combined purchase, but in separate parcels, from Foster. The proof is decisive that, until after their purchase from Bowlby, the defendants had no notice that any such agreement had been made, or that the division line was to be otherwise than according to the legal sense of the descriptive terms."

The same reasoning that caused the Court in *Dart* v. *Barbour, supra,* to refuse plaintiff therein his right of action against defendants would apply to the present case.

Admitting all of the facts alleged in plaintiff's declaration, he would not be entitled to the relief he seeks, namely, a judgment for possession of the premises and damages in the sum of $1,000 against defendant. The court did not err in dismissing plaintiff's declaration.

Affirmed. Costs to appellee.

DETHMERS, C. J., and CARR, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.