MONTANA AMUSEMENT SECURITIES CO., APPELLANT, v. GOLDWYN DISTRIBUTING CORPORATION ET AL., RESPONDENTS.

(No. 4,358.)

(Submitted June 16, 1919. Decided June 24, 1919.)

[182 Pac. 119.]

*Injunction — Pleading and Practice—Complaint—Inferences— Conclusions—Demurrer.*

Pleading—Meaning of Written Instruments—Inferences—Demurrer.
1. A meaning not fairly deducible from the terms of an instrument set up in a complaint cannot be inferred; and averments that the writing has a different meaning from what its plain terms import are vulnerable to attack by demurrer.

Same—Injunction—Violation of Contract—Complaint—Insufficiency.
2. In a suit for an injunction to restrain the violation of a contract for the exclusive right to exhibit motion-picture films, the complaint *held* subject to attack by general demurrer in not disclosing that plaintiff was a party to the instrument or entitled to sue as an undisclosed principal.

Same—Conclusions—Demurrer.

3. An allegation in the complaint for an injunction that the contract, a violation of which was sought to be restrained, was made with A. for the express use and benefit of plaintiff corporation whose name did not appear in the contract, was a conclusion which raised no issue of fact.

Same—Complaint—Insufficiency—Demurrer—Presumptions.

4. Where attack is made upon the complaint for want of substantial allegations, courts should indulge the presumption, as against the pleader, that he has stated his cause of action as strongly as he can, and construe it accordingly.

Same—Complaint—When Defective.

5. Under Revised Codes, section 6532, requiring a complaint to contain a statement of the facts constituting the cause of action in ordinary and concise language, a complaint which leaves to surmise and conjecture the course of proof that will be offered in support of it, and obliges the court, as well as the opposing party, to accept the pleader's bare statement, is defective.

*Appeal from District Court, Silver Bow County; J. J. Lynch, Judge.*

Action by the Montana Amusement Securities Company, a corporation, and American Theater, against the Goldwyn Distributing Corporation and others. From a judgment and order vacating a temporary injunction, sustaining a demurrer to the complaint, and dismissing the action, the first-named plaintiff appeals. Affirmed.

*Messrs. Frank & Gaines,* for Appellant, submitted a brief; *Mr. H. A. Frank* argued the cause orally.

Exhibit "A" to the complaint discloses that the paper was signed "American Theater, by F. T. Bailey," and was also executed on behalf of respondent, Goldwyn Distributing Corporation. The first matter to be determined is whether the writing thus signed became a contract capable of enforcement. If it did, the next question for determination is whether appellant, by its complaint, exhibited a right in itself to enforce the contract. Does the fact that American Theater itself cannot contract make Exhibit "A" an abortive effort? We answer, No! There is no suggestion that F. T. Bailey has not legal capacity to contract and to sue and to be sued. "One who purports to contract as agent for a principal who has no legal existence or

status, is personally liable thereon." (2 Page on Contracts, p. 1521; *Blakely* v. *Bennecke,* 59 Mo. 193; *Lewis* v. *Tilton,* 64 Iowa, 220, 52 Am. Rep. 436, 19 N. W. 911; *Winona Lbr. Co.* v. *Church,* 6 S. D. 498, 62 N. W. 107; *Codding* v. *Munson,* 52 Neb. 580, 66 Am. St. Rep. 524, 72 N. W. 846.)

That the Montana Amusement Securities Company is not named as a party to the instrument, or as the principal for whom Bailey acted, is not fatal, for our statutes clearly recognize that a principal may be bound though not named and may equally enforce rights under a contract, though not named (sec. 5448, Revised Codes.) And such is the general rule. (*Choate* v. *Stander* (Okl.), 160 Pac. 737–739; *Mercer* v. *Germania Fire Ins. Co.,* 88 Or. 410, 171 Pac. 412; *Levy* v. *Nevada-California-Oregon Ry. Co.,* 81 Or. 673, 160 Pac. 808; *Pacific etc. Co.* v. *White,* 96 Wash. 18, Ann. Cas. 1918B, 125, 164 Pac. 602–605.)

There seems to be little, if any, dispute of the proposition that an undisclosed principal may maintain an action upon a contract made by his agent. There are, of course, exceptions to this rule. The chief of these exceptions relate to contracts calling for the rendering of personal services, contracts of indemnity and guaranty and contracts made by a person in the belief that the other party with whom he negotiated was the real principal and where he extended credit to such person. Both the rule and the exceptions are established by the following cases and the authorities referred to therein: *Hawkins* v. *Windhorst,* 87 Kan. 176, 123 Pac. 761; *Davidson* v. *Hurty,* 116 Minn. 280, 39 L. R. A. (n. s.) 324, 133 N. W. 862. Also cases in note to *Shields* v. *Coyne,* 29 L. R. A. (n. s.) 472.

California has recognized from an early date that "it is not indispensable in order to bind a principal, at law even, that such contract should be executed in the name and as the act of the principal. On the contrary, it would be sufficient if from the whole instrument it can be gathered from the terms thereof that the party described himself and acts as agent and intends thereby to bind his principal and not to bind himself." (*Love* v. *Sierra Nevada etc. Mining Co.,* 32 Cal. 639, 654, 91 Am. Dec. 601;

*Colquhoun* v. *Pack,* 32 Cal. App. 97, 161 Pac. 1168; *Gerber* v. *Stewart,* 1 Mont. 172–177, 2 Morr. Min. Rep. 152.) If the principal can in such instances be bound, he may, as a necessary corollary, enforce the contract.

Mistakes in signing are not *ipso facto* fatal, but are subject to explanation, and if the instrument shows that some particular parties were intended, but is uncertain in its designation of them, extrinsic evidence is admissible to identify the parties (1 Page on Contracts, sec. 73; 2 Page on Contracts, secs. 1216, 1217; 13 Corpus Juris, 572; *Jones* v. *Buck,* 4 Boyce (Del.), 546, 90 Atl. 86; *Cedar Rapids etc. Co.* v. *Chicago etc. Ry. Co.,* 145 Iowa, 528, 124 N. W. 323; *Blakely* v. *Bennecke, supra;* 6 R. C. L., "Contracts," sec. 264.) If it be conceded that the signature "American Theater" to the contract amounted to nothing, yet it appears that the contract was accepted and acted upon by appellant, and this is just as effective to make the contract binding as would be its signature. (9 Cyc. 300; *Cedar Rapids etc. Co.* v. *Chicago etc. Ry. Co., supra.*)

*Mr. William Meyer, Mr. Chas. R. Leonard,* and *Mr. F. C. Fluent,* for Respondents, submitted a brief; *Mr. Meyer* and *Mr. Leonard* argued the cause orally.

The complaint alleges the contract to have been entered into with the "American Theater" and for the express use and benefit of plaintiffs—meaning the American Theater, and the appellant—and while appellant does not refer in its brief to section 4970, it would have to come within its provisions to recover. The statement in the complaint that the contract was made for the express use and benefit of the plaintiffs is but a legal conclusion of the pleader. (*Lawson* v. *Sprague,* 51 Wash. 286, 98 Pac. 737.) When we examine this contract we find it is made with the "American Theater." It is signed "American Theater, Exhibitor, by F. T. Bailey." Nowhere in said contract is it stated, or even implied, that anyone else is interested in the contract, much less does it imply that the Montana Amusement Securities Company is a party to it. That company is an abso-

lute stranger to the contract. The contract being in writing and definitely specifying the parties to it cannot be varied by parol. (Rev. Codes, secs. 5018, 7873; 1 Corpus Juris, 982 (85). It would be necessary to allege and prove that some consideration had passed from the Montana Amusement Securities Company to the American Theater before it could be held that the defendant, the Goldwyn Distributing Corporation, had made any promise or agreement for the benefit of that concern. No such allegation is contained in the complaint.

But if, for the sake of argument, we suppose that a legal contract had been executed in the first instance, can appellant claim that it was made expressly for its benefit? We think not. This court in the case of *Tatem* v. *Eglanol Min. Co.*, 45 Mont. 367, 373, 123 Pac. 28, has construed section 4970 of our Codes and clearly defined the persons who can claim the benefit of said section, and appellant is not one of them. (*McDonald* v. *American Nat. Bank*, 25 Mont. 456, 68 Pac. 896.)

The only question in this case is whether a cause of action in favor of the Montana Amusement Securities Company is set forth in the complaint. (30 Cyc. 31; *Lytle* v. *Lytle*, 2 Met. (Ky.) 127, 129; *Weidner* v. *Rankin*, 26 Ohio St. 522.) Any discussion as to the rights of any other person to maintain an action or be sued on said contract is academic and immaterial.

Giving appellant the benefit of every doubt, we say it has shown no interest whatever in the contract and no right to enforce it.

MR. JUSTICE COOPER delivered the opinion of the court.

Appeals from a judgment dismissing plaintiffs' suit instituted for the purpose of securing an injunction, and from an order dissolving a temporary restraining order issued upon the filing of the complaint.

In brief, the complaint alleges: That the plaintiff Montana Amusement Securities Company, a Montana corporation, "is engaged in operating motion picture theaters in the city of Butte, county of Silver Bow, State of Montana; that the plaintiff Amer-

ican Theater is a theater doing business as a motion picture theater in said city and is one of the theaters owned, controlled and operated by the plaintiff company''; that the defendant Goldwyn Distributing Corporation, of New York, is engaged in the business of furnishing and distributing to motion picture theaters throughout the country photographic films ''whereby are displayed the representations by famous actors of their powers, abilities, and accomplishments'' for the purpose of being reproduced by such theaters; that the defendant Ansonia Amusement Company, a Montana corporation, is engaged in operating motion picture theaters in the city of Butte, and that the defendant Ansonia Theater is one of the houses owned and operated by it; that on August 24, 1918, the Goldwyn Company entered into a written contract with the plaintiff American Theater by the terms of which such theater was given the right to first display in said city certain films depicting the acting of a certain actress, including one entitled ''Hell Cat''; that the films thus contracted for are of special worth, value and desirability because they are ''reproductions of the acting ability and accomplishments of the actress photographed thereon and therein and of their charm and personality, which ability, charm and personality render said films of especial value, and worth,'' and ''that by reason of the making and execution of the contract plaintiff acquired a valuable and especial property right incapable of duplication''; that on September 2, 1918, the defendants entered into some agreement, ''the precise terms whereof are to plaintiffs unknown,'' but the effect of which was that the Goldwyn Company should refuse to carry out its obligations under the contract with plaintiffs and furnish its codefendants the film reproductions of the acting of the actress mentioned, for exhibition in the city of Butte; that, though advised of the existing contract and warned not to attempt to exhibit said films, the Ansonia Company and Theater have advertised, are exhibiting, and will continue to exhibit the said moving picture known as ''Hell Cat'' unless restrained; that the acts of defendants are resulting in great and irreparable injury and damage to plaintiffs, *etc.* The prayer

was for a temporary restraining order pending the hearing of an order to show cause why a permanent injunction should not issue and permanent relief after said hearing.

The contract, made a part of the complaint as Exhibit "A," shows the parties to it to be the "Goldwyn Distributing Corporation, hereinafter referred to as the 'Exchange,' and American Theater owner, lessee of and operating the American Theater, at No. —— street, in the city of Butte * * * hereinafter referred to as the 'Exhibitor.' " It was signed by the New York corporation through its manager, and by the "American Theater, Exhibitor, by F. T. Bailey." The name of the Montana Amusement Securities Company, one of plaintiffs, does not anywhere appear in it.

The district court issued a temporary restraining order on December 30, 1918. The defendants, on January 4 following, interposed a demurrer on the grounds that the complaint did not state facts sufficient to constitute a cause of action in favor of the plaintiffs or either of them, and that plaintiff American Theater had no legal capacity to sue, "in that it does not appear that it is a natural or artificial person recognized by the law or a legal entity recognized by the law." It also moved to quash the order to show cause why an injunction should not issue and to dissolve the temporary restraining order for the reason, among others, that the Montana Amusement Securities Company was not a party to the contract, has no interest in the controversy, and therefore no right to maintain the action. On January 28 the demurrer and motion were sustained, and the action was dismissed. Hence the appeals.

The position of counsel for appellant, as disclosed by their brief, is that "Exhibit 'A' to the complaint discloses that the paper was signed, 'American Theater, by F. T. Bailey,' and was executed on behalf of respondent Goldwyn Distributing Corporation. The first matter to be determined is whether the writing thus signed became a contract capable of enforcement. If it did, the next question for determination is whether appellant, by its complaint, exhibited a right in itself to enforce the contract.

* * *   That the Montana Amusement Securities Company is not named as a party to the instrument, or as principal for whom Bailey acted, is not fatal, for our statutes clearly recognize that a principal may be bound, though not named and may equally enforce rights under a contract, though not named."

The logic of this contention must be tested by the language of [1, 2]  the contract and the averments of the complaint.   The legal effect of the instrument clearly is that "the exchange," the Goldwyn Company, and the exhibitor, F. A. Bailey, for the American Theater, are mutually bound to the performance of certain acts, the former to furnish, and the latter to produce, moving pictures at the American Theater, a building used for that purpose.   The position appellant is now in is this: It is seeking the aid of the court in the enforcement of alleged rights under a contract, upon the face of which it is an entire stranger. The action was instituted upon the theory that the American Theater was a legal entity for which a natural person could act, although admittedly it was no more than a building arranged for the production of moving pictures.   It was, however, originally one of the parties plaintiff.   The only portion of the complaint tending to disclose appellant's connection with the contract is paragraph IV, which is as follows: "That under date of August 24, 1918, the defendant Goldwyn Distributing Corporation entered into a certain written contract and agreement with the plaintiff American Theater and for the express use and benefit of the plaintiffs, which contract provided for the furnishing by said last-named defendant to the American Theater of certain photographic films depicting the acting of one Geraldine Farrar, and which agreement provided that the plaintiffs should have the right to first display in the city of Butte, county of Silver Bow, state of Montana, at the American Theater of the plaintiff Montana Amusement Securities Company, such photographic films, such right to be given upon compliance with the terms of said written contract, a copy whereof is hereto attached, marked Exhibit 'A,' and by reference made a part of this complaint; that said con-

tract is now in full force and effect.'' This allegation fails to show appellant to be an undisclosed principal. Apt words to show its hand in the making of the contracts and appropriate averments disclosing appellant's interest in the writing are wanting. A meaning not fairly deducible from the terms of the instrument cannot be inferred; its intention is to be found in it; and to plead that it has a different meaning from what its plain terms import is to proffer averments which the instrument itself contradicts. In *Dillon* v. *Barnard,* 21 Wall. 437, 22 L. Ed. 673, Mr. Justice Field, speaking for the court, said: ''A demurrer only admits facts well pleaded; it does not admit matters of inference and argument however clearly stated; it does not admit, for example, the accuracy of an alleged construction of an instrument, when the instrument itself is set forth in the bill, or a copy is annexed, against a construction required by its terms, nor the correctness of the ascription of a purpose to the parties when not justified by the language used. The several averments of the plaintiff in the bill as to his understanding of his rights, and of the liabilities and duties of others under the contract, can, therefore, exert no influence upon the mind of the court, in the disposition of the demurrer.''

Appellant's contention is that the action can be maintained [3] as for a violation of the contract, upon the assumption that it is ''a contract capable of enforcement by someone.'' The allegation in the complaint that the contract was made with the American Theater for the express use and benefit of the appellant corporation is merely a legal conclusion, and raises no issue of fact upon which evidence could be adduced to show that it was made for the use and benefit of any person other than those expressly named in it. (*Tatem* v. *Eglanol Min. Co.,* 45 Mont. 367, 123 Pac. 28; *Lawson* v. *Sprague,* 51 Wash. 286, 98 Pac. 737; 12 Ency. Pl. & Pr., title ''Legal Conclusions,'' pp. 1020-1042; *Penn Mutual Ins. Co.* v. *Conoughy,* 54 Neb. 123, 74 N. W. 422.)

Equally untenable is the claim that the contract can be [4] enforced by appellant because it ''has identified itself as

the real principal for whom Bailey was acting in the transaction." The complaint is defective in that regard. In *Conrad Nat. Bank* v. *Great N. Ry. Co.,* 24 Mont. 178, 61 Pac. 3, this court said that courts will not read into a pleading "a substantive allegation which has been omitted therefrom. Substance is just as essential under the Code as at the common law. * * * Where * * * attack is made upon the complaint for want of substantial allegations, the court should indulge, as against the pleader, the presumption that he has stated his cause of action as strongly as he can, and construe it accordingly."

The cases cited in appellant's brief holding parties signing contracts for legal nonentities personally liable are not in point, for the reason that, if the complaint was framed upon that theory, it has since been abandoned, for neither the American Theater nor F. T. Bailey are parties to this appeal, and no rights are asserted in their behalf. The case of *Blakely* v. *Bennecke,* 59 Mo. 193, holds that, where the defendant signed a note under the designation of "Captain of Company I of Missouri Volunteers," he was personally liable, for the reason that "Company I" possessed none of the elements of a legal entity, and it was upon that point the case turned. The court said: "But in this case there was no principal, either responsible or otherwise, to disclose. 'Company I' was incapable of suing or being sued, pleading or being impleaded, contracting or being contracted with. In short, it possessed none of the elements or attributes of a legal entity."

The case of *Brooks* v. *Harris,* 12 Ala. 555, is in point. That was an action in *assumpsit* upon the following instrument:

"Mobile, Oct. 11, 1841.

"Due Charles A. Kelly, or bearer, three hundred and thirty dollars, 29–100, for work and labor done, on Steamboat 'Jewess.' "[Signed] For Steamboat 'Jewess' and owners,

"Alphonso Brooks."

The court said: "There is no allegation that Brooks had authority, as agent of Wilson, to bind him by the execution of a

note in his name.   In *Childress* v. *Miller*, 4 Ala. 447, an attempt was made to charge the owners of a steamboat on a due-bill made by the clerk of the boat 'for Steamboat "Choctaw," and owners.' It was held that these words did not in themselves import an authority to bind the owners, and that, as the clerk of the boat as such had not the right to admit an indebtedness on the part of the owners, the action could not be maintained." (See, also, 30 Cyc. 21, 27, and 28.)

Section 6532, Revised Codes, requires a complaint to contain [5] a statement of the facts constituting the cause of action in ordinary and concise language. This the complaint fails to do. If the pleader had set forth facts upon which rests the claim that Bailey, when he signed the contract, was acting within the scope of authority imposed upon him by the plaintiff corporation, the court could have determined whether the facts stated were sufficient to admit of proof to show that situation. But the pleading, in its present state, obliges the court, as well as the opposing party, to accept the pleader's bare statement, and to leave to surmise and conjecture the course the proof offered in support of it, will assume.

For these reasons the judgment and order are affirmed.

*Affirmed.*

MR. JUSTICE HOLLOWAY concurs in the result.

MR. CHIEF JUSTICE BRANTLY, being absent, takes no part in the foregoing decision.

Rehearing denied July 3, 1919.