PROSPER, RESPONDENT, v. SMITH, APPELLANT.

(No. 5,154.)

(Submitted April 27, 1923.  Decided May 19, 1923.)

[215 Pac. 649.]

*Ejectment — Vendor and Purchaser — Principal and Agent—
Undisclosed Principal—Possession—Unrecorded Contract of
Sale—Constructive Notice.*

Trial—Directed Verdict—What Deemed Proved.
    1.  On motion for a directed verdict all the facts which the evi-
    dence tends to prove must be taken as true.
Ejectment — Vendor and Purchaser — Principal and Agent — Undisclosed
    Principal—Possession.
    2.  *Held,* in an action in ejectment, that an agent may execute a
    contract of purchase of land in his own name without disclosing the
    identity of his principal, and the latter has the right of possession
    and is entitled to a deed upon completion of the contract, it being
    immaterial that the vendor supposed he was dealing with the agent
    personally and would not have made the sale if the principal's name
    had been disclosed to him.
Same—Unrecorded Contract of Sale—Constructive Notice.
    3.  Continuous occupation of land and the erection of a building
    thereon under an unrecorded contract of sale executed for the
    occupant by an agent in his own name was sufficient notice to an
    assignee of the creditor of the agent of the claim of ownership by
    the occupant.
Same—Plaintiff must Recover on Strength of Own Title.
    4.  In an action in ejectment plaintiff can recover only upon the
    strength of his own title and may not rely upon the frailty of that
    of defendant.
Same—Action Does not Lie Against Vendee, When.
    5.  Since a vendor may not maintain ejectment against his vendee
    in possession under an executory contract of sale, not in default,
    or who in good faith offers to perform, one holding a quitclaim deed
    from the vendor cannot do so.

*Appeal from District Court of Hill County, in the Eigh-
teenth Judicial District; Carl D. Borton, Judge of the Seven-
teenth District, presiding.*

ACTION by Echelard Prosper against Cecilia Smith.  Judg-
ment for plaintiff and defendant appeals.  Reversed, with di-
rections to dismiss the complaint.

Cause submitted on briefs of Counsel.

*Mr. C. R. Stranahan,* for Appellant.

The action of ejectment cannot be maintained against a vendee in possession under an executory contract of sale, not in default. (*Cole* v. *Meskimen,* 48 Or. 54, 85 Pac. 67.) Plaintiff in ejectment must show that the defendant unlawfully and without right keeps plaintiff out of possession. (*Hurst* v. *Sawyer,* 2 Okl. 470, 37 Pac. 817; *Hyde* v. *Mangan,* 88 Cal. 319, 26 Pac. 180.) Where in ejectment plaintiff showed no title except by a deed from a certain party as receiver, but it did not appear that such party, as receiver or otherwise, had title to the property or any interest therein, or possession thereof, and it also appeared that the lots in question were shore land lots, which would place the title in the state, the plaintiff did not claim to acquire title or right of possession from the state, he could not recover. (*Bryant L. & S. Mill Co.* v. *Pacific I. & S. Works,* 48 Wash. 574, 94 Pac. 110.)

*Mr. Ed. M. Allen* and *Mr. J. P. Donnelly,* for Respondent.

"If the person who seeks to avail himself of a contract made by another is one with whom, for personal reasons, the other party to the agreement would not have contracted had he known that such person was the real principal, it has been held, for the reasons just stated, that such an undisclosed principal could not avail himself of the contract." (2 C. J. 875, and note, 39 a and b.) The reason for the rule is based upon the fact that a contracting party is not bound to accept performance, or extend confidence or credit to another person than the one with whom he supposed he was entering into the contract relation. (Mechem on Agency, secs. 769–771; *Shields* v. *Coyne,* 148 Iowa, 313, Ann. Cas. 1912C, 905, 29 L. R. A. (n. s.) 472, 127 N. W. 63.) The facts of this case are all within the rule established by the above authorities.

MR. JUSTICE COOPER delivered the opinion of the court.

On October 18, 1918, Joseph Demars entered into a written contract with Truman Williams for the sale of a tract of land near the railway depot at Havre. The purchase price was $350. Fifty dollars was paid to Demars when the instrument was executed, and the balance of $300 was to be paid in quarterly installments of $40 each, beginning on January 18, 1919. The deferred payments were to draw interest at ten per cent per annum. Williams was to pay the taxes. Upon the full payment of the purchase price, Demars bound himself to execute to Williams a good and sufficient warranty deed of the premises. Upon default in the payment of any one of the installments, Demars had the right to re-enter the premises, and Williams was to surrender possession thereof and to forfeit all payments then made, as liquidated damages. Time was of the essence of the contract, and the heirs, executors and administrators and assigns were bound thereby. The contract was unrecorded.

On October 25, 1918, the defendant, with the aid of her son and others, commenced the erection of a dwelling for herself upon the premises. On November 1, 1918, she took possession of the land and moved into a house belonging to Williams and resided therein until November 28, 1918, when she moved into her new residence, wherein she has ever since, and does now, reside. On January 2, 1919, Williams assigned his contract with Demars to the defendant and sold the house into which defendant had moved when she took possession and in which Williams resided before the happening of the transactions related herein. It was taken off the premises shortly after its sale.

On January 28, one Angelo Papillo commenced an action against Williams to recover the sum of $105 for goods sold and delivered to him, and attempted to attach Williams' interest in the contract. On March 10 Williams defaulted and judgment was rendered against him. Execution was issued on the judgment, and on April 25 the sheriff of Hill county

made a return on the execution, in which he stated that he had sold the interest of Williams in the land for the sum of $134 to Echelard Prosper, the plaintiff in this action, he being the highest bidder, and that he had issued a certificate of sale to him. On April 26, 1920, he executed and delivered to Prosper a deed of the premises.

On May 19, 1920, Prosper brought this action, alleging that he was the owner of the fee and entitled to immediate possession of the land, and that the defendant was unlawfully withholding the same. The answer denies all the allegations of the complaint, and as a separate defense alleges that Williams made the contract with Demars as defendant's agent and trustee solely, and that he never had any beneficial interest therein. The reply denies all the affirmative averments of the answer.

On December 5, 1921, the cause was tried before the court and a jury. The papers in the case of *Prosper* v. *Williams,* including the sheriff's deed and a quitclaim deed from Demars and his wife to Prosper, dated May 29, 1920, were introduced in evidence over the objection of the defendant. The oral evidence of the plaintiff was that he owned land adjoining the property in question, that he saw the defendant while she was living in the house she had built thereon, and that she had resided there a month or more before the sheriff's sale. Edgar M. Allen, one of the attorneys for the plaintiff, testified that he acted as attorney for Demars and drew the contract which was executed by Demars and Williams; that he was present when Williams made the initial payment of $50; that he knew the defendant was living on the land involved "a month or two" after the contract was made; that Williams brought the first installment of $40 to him, but he could not remember whether it was paid in his office or to Demars directly. It is conceded that Williams was acting on behalf of the defendant in procuring the contract with Demars; that she furnished the money with which both payments were made by Williams on her behalf.

The defendant testified that she first moved into the house standing on the land which belonged to Williams, and when her residence was finished she moved in, that in the following spring she erected a fence upon the land, and that she has resided upon and occupied the land as the record already discloses. It is also in evidence that she has tendered to Demars personally, or deposited in the bank to his credit, the entire purchase price of the land specified in the contract, with interest.

At the close of the evidence, the plaintiff moved for a directed verdict, upon the ground that the evidence showed that the defendant was an undisclosed principal to an executory contract, that had her identity been disclosed the contract would not have been entered into, and that, as such undisclosed principal, she could not enforce the contract, nor could she claim any right against any other principal. The court sustained the motion, directed the jury to return a verdict in favor of the plaintiff, and rendered judgment in his favor in accordance with the motion. Defendant has appealed.

All the facts which the evidence tends to prove are to be **[1]**  taken as true. (*Mayer* v. *Carothers*, 14 Mont. 274, 36 Pac. 182.) Upon this record, three questions are presented: (1) Did the defendant have a right of possession as assignee of the contract and the right to a deed to the premises? (2) Did her possession and occupancy of the property under the unrecorded contract impart notice of her rights? (3) Did the sheriff's deed and the quitclaim deed of Demars and wife to Prosper furnish sufficient title upon which to maintain ejectment?

Section 89 of Pomeroy on Contracts reads: "When the agree- **[2]**  ment is executed by the agent in his own name, he appearing to be the contracting party, the requisite as to party is complied with. The principal may maintain a suit and enforce the contract, and it is immaterial whether a principal is actually known during the transaction, or whether the other party supposes that he was dealing with the agent personally,

entirely on his own behalf. Under the same circumstances, it is now the rule that a suit may be maintained, and the contract enforced against the principal, even though his name nowhere appears on the face of the writing, and even though he was undisclosed and unknown to the other party at the time of entering into the agreement, provided, of course, it was actually made on his behalf.'' (To the same effect is Williston on Contracts, sec. 281.)

In *Kelly* v. *Thuey*, 143 Mo. 422, 45 S. W. 300, the supreme court of Missouri say: ''It is very familiar learning that the agent may enter into a contract for the purchase of land for an undisclosed principal. And the principal may maintain a suit in his own name and enforce the contract; it being immaterial whether the principal was known or unknown during the transaction, or whether the party supposed he was dealing with the agent personally and on his own behalf.'' (Pomeroy's Specific Performance, 2d ed., sec. 89; Fry's Specific Performance, 3d ed., secs. 238–240.) The case of *Shields* v. *Coyne*, 148 Iowa, 313, Ann. Cas. 1912C, 905, 29 L. R. A. (n. s.) 472, 127 N. W. 63, relied on by plaintiff, does not hold the contrary doctrine.

The second question must also be answered in the affirmative. *De Ruyter* v. *Trustees*, 2 Barb. Ch. 555, was a case of [3] actual possession and use of the premises. It was held that such possession was constructive notice of the rights of the occupant. Such is the doctrine in this state. In *Custer Consol. Mines Co.* v. *City of Helena*, 52 Mont. 35, 156 Pac. 1090, this court said: ''The possession of real property which will amount to notice of an unrecorded grant thereof must be under such grant, must be unequivocal, inconsistent with the title of the apparent owner of record, and of such a character that an intending purchaser could, by following up the inquiry, learn of the unrecorded grant''—citing *Sheldon* v. *Powell*, 31 Mont. 249, 107 Am. St. Rep. 429, 78 Pac. 491, and *Mullins* v. *Butte Hardware Co.*, 25 Mont. 525, 87 Am. St. Rep. 430, 65 Pac. 1004. The defendant's continuous occupation and im-

provement of the property was sufficient to apprise all adverse claimants of her rights and to start inquiry in respect thereto.

As to the third question: If the plaintiff can recover at all, [4] he must do so upon the strength of his own title, not upon the frailty of the ·defendant's. (*Herbert* v. *King,* 1 Mont. 475; *McKinstry* v. Clark, 4 Mont. 370, 1 Pac. 759; *Wortman* [5] v. *Luna Park Amusement Co.,* 61 Mont. 89, 201 Pac. 570.) That Demars could not have maintained an action in ejectment while his contract was alive and in process of performance is as well settled. Warvelle on Ejectment, in section 146, says: "It would seem to be an established rule, at the present time, that ejectment is not maintainable ·by a vendor against his vendee in possession under an executory contract of sale who is not in default in the performance of his contract, or who has performed it and is in position to demand a deed, or who seasonably and in good faith offers to comply with them. To a vendee in possession under such circumstances, the contract will avail him as a defense to an action of ejectment, or as a cross-action in equity to enforce a trust against his vendor, or to obtain specific performance of the contract." (See, also, section 235.)

The contract gave Williams the right to possession. Demars, being bound by a valid contract to sell the land to Williams, could not by ejectment oust Williams, nor the defendant, his assignee. What Demars could not do, the plaintiff, upon the quitclaim deed from Demars, could not do.

The judgment is reversed, with directions to dismiss the complaint.

*Reversed, with directions.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY, GALEN and STARK concur.