FRANZ, Trustee in Bankruptcy, Respondent, *v.* LISTUG ET AL., Appellants.

(No. 7,696.)

(Submitted October 1, 1937. Decided November 22, 1937.)

[74 Pac. (2d) 1133.]

500

*Mr. John L. Slattery* and *Mr. Ernest L. Walton,* for Appellants, submitted a brief; *Mr. Slattery* argued the cause orally.

*Mr. John M. Kline* and *Mr. C. D. Borton,* for Respondent, submitted a brief, and argued the cause orally.

MR. JUSTICE ANDERSON delivered the opinion of the court.

Defendants have appealed from a judgment entered in favor of plaintiff upon a directed verdict. At the close of plaintiff's evidence the defendants moved for a judgment of nonsuit which was denied. Thereupon defendants rested their case without the introduction of any testimony. Plaintiff moved for a directed verdict, which motion was granted.

Defendants have made a number of specifications of error, which present but three general questions, namely: The propriety of the admission of certain testimony over the objections of defendants; the ruling of the court on the motions for nonsuit and directed verdict; and the denial of defendants' motion for new trial.

The complaint was in two counts. In the first, the corporate existence of one of the defendants is alleged; also that the adjudication in bankruptcy as a result of an involuntary petition filed on February 18, 1930, occurred on March 6 of the same year in the United States District Court of Minnesota, and the subsequent election and qualification of plaintiff as trustee of the bankrupt corporation. It is then alleged that on March 30 of the year mentioned, the day before plaintiff qualified, the defendants were and for a long time prior thereto had been the agents of one W. V. Harrington with authority from him to

collect and sell each season his share of grain delivered by one Krogstad to Harrington under a contract for the sale of land between Harrington and Krogstad; that at the date of the adjudication the bankrupt corporation was the owner of Harrington's interest in this contract, and that the trustee was from the date of adjudication the owner of this contract and of all grain delivered under it; that during the months of August and September, 1930, Krogstad delivered to the defendants under this contract the grain grown that season; that plaintiff at all times mentioned herein, until the sale of the grain by the defendants, was the owner thereof; and, after the sale, the owner of the proceeds; that defendants, acting innocently and without knowledge of the interest of the corporation, received the grain and sold it, as they believed, for Harrington, and received $800 therefor after deducting expenses. It is further alleged that the defendants were entitled to a commission in the sum of $80 and that demand was made on the defendants for the residue of the proceeds. The second cause of action is identical with the first, except that it relates to a contract between Harrington and another purchaser involving different property and the sum of $192, less ten per cent. commission.

The answer of the defendants to these two causes of action was in the nature of a general denial, and affirmatively alleged that defendants were entitled to certain set-offs arising out of certain transactions in connection with the farming of these two pieces of property as against Harrington. Issue was joined as to these affirmative allegations by reply.

During the progress of the trial evidence was offered on behalf of the plaintiff, over objections of defendants that it was immaterial. The admission of evidence of which complaint is made consisted of deeds showing that the bankrupt corporation was the owner of these two tracts of land since 1921; that in 1928 Harrington, as vendor, entered into written contracts to sell the real estate, each purchaser executing a promissory note payable to the order of Harrington for the purchase price. These notes were never endorsed to the corporation, nor were the contracts assigned by instruments in writing, until long after

the adjudication. It becomes important to determine, under the allegations of the complaint, upon what theory, if at all, it states a cause of action, in order to pass upon the materiality of this evidence.

Whatever is necessarily implied in, or is reasonably to be inferred from, an allegation is to be taken as directly averred. (*Clem* v. *Clem*, 97 Mont. 570, 36 Pac. (2d) 1034; *Linney* v. *Chicago, M., St. P. & Pac. R. Co.*, 94 Mont. 229, 21 Pac. (2d) 1101; *Robinson* v. *F. W. Woolworth Co.*, 80 Mont. 431, 261 Pac. 253; *Marcellus* v. *Wright*, 51 Mont. 559, 154 Pac. 714; *Freeman* v. *Withers*, 104 Mont. 166, 65 Pac. (2d) 601.) Viewing all the allegations of the complaint in the light of this rule, the evidence was admissible upon the theory that it stated a cause of action upon contracts made on behalf of an undisclosed principal. (*Prosper* v. *Smith*, 67 Mont. 308, 215 Pac. 649; 2 Am. Jur., sec. 410, p. 320.) Generally it is held that in the absence of express statutory provision that in an action on contracts by the principal there is no necessity of alleging that the contract was executed through an agent; in other words, the contract may be pleaded as if it were the contract of the principal without mentioning the agency, even though the contract was executed by the agent in his own name and without the name of the principal appearing thereon or being disclosed to the other contracting party. (2 Am. Jur., sec. 438, p. 346.)

The decided cases are conflicting where the contract is in writing, many courts holding in such instances that it is necessary that the complaint contain appropriate allegations asserting that the agent entered into the contract for the benefit of his principal. (Note, 89 A. L. R. 901.) The opinion in the case of *Montana Amusement Securities Co.* v. *Goldwyn Distributing Corp.*, 56 Mont. 215, 182 Pac. 119, is in conformity with the rule requiring, in the instance of a written contract, a pleading of the agency. That opinion was concurred in only as to the result by other members of the court, and, accordingly, what is said therein is not a controlling precedent. However, we need not now announce the rule on this question of pleading,

for the two causes of action set forth in this complaint are not upon a written contract. They are upon contracts which, so far as this record discloses, were orally made; hence, there was no necessity of pleading the agency, and therefore this evidence was properly admissible.

It is suggested that the complaint is lacking in substance, in that it is reasonably inferable that Harrington at one time owned these land contracts; but when we apply the rule of liberal construction, it is inferable that Harrington was acting for the corporation as a principal, and hence if he was so in fact there was no necessity of alleging an assignment of any contracts from Harrington to the corporation. It was elicited on the trial that long after the adjudication, written assignments of these land contracts were executed and delivered to the plaintiff. It is said that since this was property acquired after the adjudication by the bankrupt corporation, the property so assigned did not pass to the trustee. The evidence discloses that the lands sold were at all times the property of the corporation, and that when Harrington, who was the president of the corporation and its chief and only stockholder, except perhaps some qualifying shares held by others, procured these contracts of purchase and the notes, he delivered them to the officer of the corporation who had charge of its records, by whom they were retained until after bankruptcy. No one assumed to testify that Harrington at any time ever individually owned any interest in these land contracts or the proceeds of any crops which were delivered to the defendants as his agents from these lands. If the bankrupt corporation owned the lands and the proceeds therefrom, as the evidence in this record all tends to prove, then the mere assignment of the contracts to the corporation long after the adjudication in bankruptcy could not deprive the trustee of the title to property or debts belonging to the bankrupt before bankruptcy, but, coming into his hands after adjudication, must be turned over by him to the trustee in bankruptcy. (6 Am. Jur., sec. 193, p. 626; 4 Remington on Bankruptcy, sec. 1382.)

It is argued that there was a variance between the pleading and proof amounting to a failure of proof. Treating the complaint as one upon contracts made by an agent for an undisclosed principal, the evidence admitted tends to prove that at all times the bankrupt corporation was the owner of the land, and hence the proceeds of the crops, and therefore there was no variance. Upon this theory many authorities hold that a person dealing with an undisclosed principal through an agent may have set-offs existing in favor of a third person against the agent as against the principal. (2 Am. Jur., sec. 414, p. 323.) However, we are not concerned here with this question, since the defendants offered no proof in support of their affirmative defenses.

In view of what we have said, the court properly denied the motion for nonsuit, granted the motion for directed verdict and denied defendants' motion for a new trial. Judgment affirmed.

ASSOCIATE JUSTICES STEWART and MORRIS concur.

MR. JUSTICE ANGSTMAN, Dissenting:

I think there was such a variance between the allegations of the complaint and the proof as to amount to a failure of proof.

The complaint, which was filed July 10, 1933, consists of two causes of action. In the first cause it is alleged that on February 18, 1930, an involuntary petition in bankruptcy was filed against Harrington Motor Company, a corporation, in the United States District Court of Minnesota; that the company was adjudged a bankrupt on March 6 and plaintiff Franz was appointed trustee on March 31; that on March 30, 1930, and for a long time prior thereto, the defendants were the agents of W. V. Harrington with authority to collect and sell each season the share of grain to be delivered by Krogstad under a certain contract for the sale of land entered into between Harrington and Krogstad; that at the time of adjudication in bankruptcy the Harrington Motor Company "was the owner

of Harrington's interest in the contract''; that from the time of adjudication in bankruptcy until February 23, 1933, plaintiff was the owner of that contract and of all grain delivered by Krogstad thereunder; that during August and September, 1930, Krogstad delivered grain grown during 1930 to defendants under the contract; that plaintiff was the owner of the grain; that defendants, without knowledge of the interest of Harrington Motor Company or plaintiff in the grain, received and sold it for the account of W. V. Harrington and received $800 net therefor; that plaintiff is the owner of the proceeds of the grain in the sum of $800, for which, less a commission of 10 per cent., recovery is sought. The second cause of action is identical with the first, except that it relates to a contract between Harrington and Forsness, covering different property and involving the sum of $192, less a 10 per cent. commission.

The reply reiterates that ''on March 30, 1930, and for a long time prior thereto defendants were the agents of Harrington to collect and sell each season the share of grain to be delivered'' by Krogstad and Forsness to Harrington under the contracts involved.

The evidence shows that on May 1, 1928, W. V. Harrington, as vendor, entered into a written contract to sell certain real estate to Ole Krogstad. Krogstad executed a note ''to the order of W. V. Harrington,'' for the purchase price. On May 20, 1929, a similar contract, relating to other property, was made with G. R. Forsness and a note in the same form, but in a different amount, was executed by him. Neither note was ever assigned or endorsed to the Harrington Motor Company, and neither was there an assignment of Harrington's interest in either contract to the Harrington Motor Company prior to the filing of the petition in bankruptcy; but defendants on the cross-examination of Harrington, a witness for plaintiff, developed the fact that there was a written assignment of Harrington's interest in these contracts to plaintiff trustee on March 9, 1932.

The plaintiff, over defendants' objection, was permitted to show that the Harrington Motor Company was the owner of

the land sold to Krogstad and Forsness since July, 1921, when it was deeded by Harrington to the Harrington Motor Company, and that company owned the Krogstad contract and notes and the Forsness contract and note immediately after their execution, since they were then delivered by Harrington to the Harrington Motor Company. In effect, the plaintiff's proof shows that the Harrington Motor Company was the owner of the lands sold to Krogstad and Forsness at the time the contracts were made, and was also at all times the owner of the contract rights and of the crops to be delivered by Krogstad and Forsness under the contracts.

I think it was error to admit this evidence and that by its admission there was a variance between the allegations of the complaint and the proof amounting to a failure of proof. Plaintiff undoubtedly had the right to make a general allegation of ownership of the property in the Harrington Motor Company at the time of the filing of the petition in bankruptcy, and any proof of ownership would then have been admissible. Instead of doing this, however, plaintiff alleged that defendants were the agents of Harrington as late as March 30, 1930, "with authority to collect and sell each season the share of grain to be delivered" by Krogstad and Forsness "to Harrington under a certain contract for the sale of land entered into between Harrington" and Krogstad and Forsness. It then alleged that "at the time of adjudication of the bankruptcy of the said Harrington Motor Company, a corporation as aforesaid, the Harrington Motor Company was the owner of Harrington's interest" in the contract. In effect, plaintiff alleged that the Harrington Motor Company became the successor in interest of the rights of Harrington under the contracts between Harrington and Krogstad and Harrington and Forsness, and the fair implication is that the corporation acquired those interests some time after March 30, 1930.

Fair construction of the complaint leads to the conclusion that plaintiff has pleaded the particular source of his title. "Ordinarily a general allegation of title is sufficient to admit evidence pertaining thereto, without setting up the facts showing

its character; but if a particular source or kind of title is pleaded, evidence of a different source of title is inadmissible.'' (49 C. J. 797.) To the same general effect are *Paine* v. *British-Butte Min. Co.,* 41 Mont. 28, 108 Pac. 12, *Craig* v. *Burns,* 65 Mont. 550, 212 Pac. 856, and *Costello* v. *Shields,* 99 Mont. 335, 43 Pac. (2d) 879.

''The plaintiff * * * cannot assert a right to go without the lines within which he voluntarily confined himself. * * * If this were not so, the very purpose of pleadings would be destroyed, and instead of the complaint apprising the defendant of the proof which he would be called upon to meet, it would become a device to entrap him.'' (*Flaherty* v. *Butte Elec. Ry. Co.,* 40 Mont. 454, 107 Pac. 416, 135 Am. St. Rep. 630.)

Hence, I think the court erred in allowing plaintiff to introduce evidence of title and ownership of the property in question other than that alleged. Without this inadmissible evidence plaintiff did not make out a case.

While defendants do not assign error in overruling their demurrer to the complaint, I think it proper to call attention to the fact that the complaint is insufficient in considering defendants' contention on motion for nonsuit that there was a material variance between the allegations and the proof. Plaintiff's rights as trustee in bankruptcy attach only to such property as was owned by the bankrupt at the time of the filing of the petition in bankruptcy. ''Property acquired by the bankrupt after the filing of the petition in bankruptcy, although before the adjudication, does not pass to the trustee.'' (7 C. J. 133; *In re Kane,* 48 Fed. (2d) 96; *Brouwer* v. *Superior Court,* 130 Cal. App. 163, 19 Pac. (2d) 834; *Bramham* v. *Lanier Bros.,* 138 Tenn. 702, 200 S. W. 830; Collier on Bankruptcy, 13th ed., vol. 2, pp. 1635, 1641; Remington on Bankruptcy, 4th ed., sec. 1379.)

The petition in bankruptcy involved here was filed on February 18, 1930. There is no allegation in the complaint that the Harrington Motor Company was the owner of rights under the contracts in question at that time. The fair inference from the complaint is that it was not the owner at that time, because

it alleges that defendants as late as March 30, 1930, were the agents of Harrington. So that we have here a complaint that does not state facts sufficient to constitute a cause of action whereas proof was admitted, over objection, to enlarge the issues to the extent that a cause of action was permitted to be proved. This, I think, constituted a material variance amounting to a failure of proof for which a nonsuit should have been granted, equally as in a case where one cause of action is alleged and another proven, which has always been held a good ground for granting a nonsuit. (*American Livestock & Loan Co.* v. *Great Northern Ry. Co.*, 48 Mont. 495, 138 Pac. 1102.)

I think my associates are in error in holding that the complaint states a cause of action on the theory that the contracts in question were made by Harrington on behalf of an undisclosed principal—the Harrington Motor Company. There is no intimation in the complaint that such was the case. I concede that it might have been proper to so allege, as was done in *Prosper* v. *Smith,* 67 Mont. 308, 215 Pac. 649, or to allege that the principal made the contracts without mentioning the agency, as suggested in 2 American Jurisprudence, section 438, page 346, relied upon by my associates. But in order to state a cause of action on the theory of undisclosed principal, the complaint must make that disclosure in one form or the other. (*Montana Amusement Securities Co.* v. *Goldwyn Distributing Corp.*, 56 Mont. 215, 182 Pac. 119.)

As stated in 2 Bancroft's Code Pleading, section 821: "In an action by the principal in his own name on a note taken by and in the name of his agent and not endorsed, he must allege the fact of the agency and that he is the owner of the note and the real payee." Here the complaint did not allege that Harrington made the contracts for the Harrington Motor Company, nor did it allege that the Harrington Motor Company made them. It alleged the contrary, by alleging that defendants were Harrington's agents and that Harrington had interests in the contracts which at some indefinite time passed to the Harrington Motor Company.

So here the complaint alleged that as late as March 30, 1930, defendants were the agents of Harrington, whereas the proof showed, in effect, that defendants were the agents of the Harrington Motor Company at all times. And, while the complaint alleged that at the time of the adjudication in bankruptcy the Harrington Motor Company was the owner of Harrington's interest in the contracts, the proof showed that Harrington never had an interest in those contracts or either of them, but that the Harrington Motor Company was the owner thereof at all times. The materiality and prejudicial character of this variance is made apparent when it is remembered that defendants alleged a good defense to the action, if Harrington was the owner of the rights under the contracts at the time of the filing of the petition in bankruptcy, whereas if the Harrington Motor Company was the owner of those rights at the time of the filing of such petition, if there were any defense at all, it would of necessity involve issues not tendered by the pleadings as they then stood.

I agree that pleadings should be liberally construed, but that does not mean that material allegations omitted from a pleading can be supplied by construction; nor does it mean that a different meaning can be attributed to allegations from what their wording fairly imports.

I think that defendants' motion for nonsuit should have been sustained.

MR. CHIEF JUSTICE SANDS:

I concur in the foregoing dissenting opinion of Mr. Justice Angstman, with the following additional reasons for my dissent:

The complaint alleges that on March 30, 1930, and for "a long time prior thereto the defendants were the agents of Harrington with authority to collect and sell each season" the crops grown on certain lands farmed by Krogstad under contract with Harrington. There are no allegations in the complaint that Harrington was the undisclosed principal of the plaintiff Harrington Motor Company. Notwithstanding proper and timely objection of defendants, the plaintiff was permitted to intro-

duce evidence of title in the Motor Company at the time of the adjudication in bankruptcy and in the year 1921, and verdict was directed against defendants on the basis of such testimony. Motion for a new trial on the grounds of failure of proof and surprise was denied. The affidavits relating to surprise clearly showed surprise and excuse for failure to offer testimony in opposition of the controverted fact of ownership of the contract, the failure to demand settlement for nearly three years, the intervening death of the cashier of the defendant bank, the existing sickness of the defendant Listug and other excusable errors warranting a new trial, even if the pleadings had disclosed the true contest of ownership in the contract, instead of alleging one theory and proving another distinctly opposite theory of ownership. If the motion of defendants to dismiss is denied, the motion for new trial should most certainly be allowed.

Rehearing denied January 10, 1938.