NORWEGIAN LUTHERAN CHURCH OF AMERICA, Re-
spondent, *v.* ARMSTRONG, Appellant.

(No. 8,218.)

(Submitted October 31, 1941. Decided November 5, 1941.)

[118 Pac. (2d) 380.]

*Mr. John B. McClernan,* for Appellant, submitted an original and a supplemental brief, and argued the cause orally.

*Mr. T. J. Davis* and *Mr. L. C. Myers,* for Respondent, submitted an original and a supplemental brief; *Mr. Myers* argued the cause orally.

MR. CHIEF JUSTICE JOHNSON delivered the opinion of the court.

Defendant appeals from a judgment in an ejectment case. The complaint alleges plaintiff's corporate capacity and its ownership of the property in question, alleges "that the said defendant above named is now, and since March 2, 1939, has been unlawfully withholding the above described property from

plaintiff,'' and that its reasonable rental value is $50 per month. The prayer is for restitution of the property and for $278.33, its reasonable rental value from March 2 to August 19, 1939, a few days prior to suit, with costs.

The answer admits that the rental value is as stated, but denies all the other allegations. Thus the plaintiff's corporate capacity, its title to the property, and the unlawful withholding by defendant are placed in issue.

No evidence was offered by defendant. His motion for a nonsuit was denied. The court made express findings of fact and conclusions of law in plaintiff's favor and in accordance therewith gave plaintiff judgment for possession of the property and for $278 and costs. Defendant alleges various errors, all of which are based upon the contention that the three elements put in issue by the answer have not been proved.

Plaintiff showed title under a sheriff's deed given in 1938, supported by mortgage foreclosure decree, order of sale and sheriff's return of sale. The evidence is that the defendant had bought the property from the mortgagors in 1928 for $1,200, subject to the mortgage; that he had been in possession almost continuously ever since without paying taxes or making any substantial payment of interest or principal; that he had defaulted after the overruling of his demurrer to the foreclosure complaint, and that the decree foreclosed the rights of all named defendants, including the original mortgagors and the defendant here; that after sheriff's sale but before issuance of sheriff's deed, plaintiff entered into a contract for the sale of the property to the defendant for $5,192.46, with the further provision that if the plaintiff should advance the money for back taxes, estimated at $1,700, more or less, that amount also should be added to the purchase price, all of which was to bear interest at the rate of six per cent. per annum and was to be paid at the rate of $50 per month during the first year and thereafter at the rate of $50 per month plus the accrued interest on the entire purchase price until payment had been completed. The

contract is in substantially the usual form, with provisions that the defendant "shall have immediate possession of said premises * * * and the full use thereof during the term of this agreement," and shall pay all accruing taxes for 1938 and thereafter; that upon full payment by defendant, the plaintiff "agrees to give a good and sufficient deed (special warranty deed) for said property"; that upon defendant's default in any payment, the plaintiff may at its option cancel the contract on thirty days' written notice, and that in such event the defendant shall "immediately surrender possession" to plaintiff and that the latter "shall not be required to give a deed" to defendant and "no deed shall be given" to him. The plaintiff advanced defendant $1,184.08 for the payment of back taxes, but the defendant paid a total of only $250 under the contract, the last payment being $30 paid on August 9, 1938, leaving $6,320.81 due and unpaid at time of suit. On December 30, 1938, plaintiff delivered to defendant a written notice, dated December 29, that the defendant on January 30, 1939, would cancel and annul the contract on account of his defaults, and on February 3, 1939, it delivered to him another written notice, dated January 31, 1939, that it had cancelled the contract and that possession was demanded. Defendant made no payment and refused to yield possession.

Defendant's first contention is that the contract, in spite of its provisions and obvious intent, conveyed absolute title to defendant because it opened with the recital, not that the first party "hereby agrees to sell, grant and convey," but that the first party "hereby sells, grants and conveys" the property for and in consideration of the purchase price "to be paid as hereinafter set forth." It may be true that those words, standing alone, would have been sufficient to convey title (sec. 6860, Rev. Codes), but whether it is a grant or a contract of sale, the document must be interpreted in the same manner as an ordinary contract (sec. 6849), the whole must be read together (sec. 7532), giving it a reasonable interpretation (sec. 7534) so as to give effect to the mutual intention (sec. 7527) ; however broad

its terms, it extends only to those things concerning which it appears that the parties intended to contract (sec. 7539); its particular clauses are subject to its general intent (sec. 7541) and any repugnancies are to be reconciled, if possible, to give them effect subordinate to the general intent and purpose of the contract (sec. 7543), and words wholly inconsistent with the nature of the contract or the main intention of the parties, are to be rejected (sec. 7544).

Giving effect to these statutes and the principles of common sense, it is clear that no grant was intended; for if it were there would have been no meaning in the provisions that upon full payment by defendant the plaintiff should give him "a good and sufficient deed" or in the two provisions that in case of default plaintiff "shall not be required to give deed" and "no deed shall be given." Obviously if the instrument in question was intended by the parties to constitute a deed, there would be no point in providing that upon defendant's default plaintiff would not be required to give a deed. It is unnecessary to refer to other provisions of the contract indicating the same intent, which is of course not to be overcome by one repugnant or inconsistent expression.

Defendant refers to section 6853, which provides that "If several parts of a grant are absolutely irreconcilable, the former part prevails," and argues that what he calls "the granting clause" therefore must control. But the object of the statute is not to make the tail wag the dog and to turn into a conveyance what is obviously intended as a sale contract. If the document were clearly a grant, the purpose of section 6853 would be to give effect to the first of several absolutely irreconcilable provisions; but since, in determining whether it is a grant, we must consider the document as a whole, we must conclude that it is no grant at all, and that the section cited is therefore inapplicable.

The next contention is that the plaintiff's corporate capacity, put in issue by the answer, was not sufficiently proved. We find no merit in the objections, but it will not be necessary

to discuss them. "One who assumes an obligation to an ostensible corporation, as such, cannot resist the obligation on the ground that there was in fact no such corporation until that fact has been adjudged in a direct proceeding for the purpose." (Sec. 5998, Rev. Codes.) It is no answer that the defendant is not here expressly resisting the obligation, for he is resisting the incidents of the contract. "Where the reason is the same, the rule should be the same." (Sec. 8740, Id.) And there is no more reason, where a person has contracted with an ostensible corporation, to permit him to deny its corporate identity when it is attempting to oust him after a default than when it is attempting to enforce the obligation against him. Defendant objects that the statute is a species of estoppel and therefore must be pleaded by plaintiff to become effective. If defendant had offered evidence to disprove plaintiff's corporate existence, we might have had to consider whether, under the conditions, plaintiff could urge the objection without pleading estoppel. But defendant has offered no such evidence and the question therefore becomes whether the plaintiff has made a sufficient prima facie showing as against one who has contracted with it as an ostensible corporation. Even in the absence of such a statute as ours, it has been held that in a suit on an instrument designating a party as a corporation, the instrument constitutes prima facie evidence of its corporate existence (8 Fletcher Cyc. Corporations, p. 581, sec. 4120), and certainly it must be sufficient for the purpose under our statute. Whether a pleading of estoppel would be necessary to enforce the statutory provision against an affirmative effort by the defendant to disprove plaintiff's corporate existence is a question not presented here, since defendant makes no such offer.

Defendant next contends that plaintiff's title is not sufficiently shown. It is of course true that plaintiff must recover on the strength of his own title and not on the weakness of defendant's (*Wortman* v. *Luna Park Amusement Co.*, 61 Mont. 89, 201 Pac. 570; *Prosper* v. *Smith*, 67 Mont. 308, 215 Pac. 649), but it seems obvious that he has discharged his prima

facie burden in that respect when he shows that both claim from a common source and that he has the better title from that source (19 C. J. 1180, sec. 252; 18 Am. Jur. 34, sec. 33), or that the defendant claims through him (18 Am. Jur. 31, secs. 29, 30 and 31). While both of these principles are based upon the theory of estoppel, the question here is not that of an estoppel which prevents the defendant from attacking plaintiff's title, since the defendant has not offered any evidence for that purpose. But the evidence shows that the defendant originally claimed as grantee of the mortgagors, that the decree foreclosed all the rights of the defendant, as well as the mortgagors, and that the sheriff's sale and deed conveyed all their rights to plaintiff. Thus the evidence shows, not only that the plaintiff has good title from the common source, but also that the defendant's title from the common source has absolutely terminated. The evidence shows, also, that the defendant now holds possession under an executory contract from the plaintiff. Without considering whether, under the pleadings and evidence in the case, the defendant would have been estopped to attack plaintiff's title, it must obviously be held that in the absence of any such attempt by defendant, the plaintiff has made out a prima facie case against defendant, to say the very least.

Defendant contends that plaintiff has not shown its own right of possession. But plaintiff has made a prima facie showing of legal title as against the defendant, and the holder of legal title is presumed to have the right of possession until a better right is shown. (*Lamme* v. *Dodson,* 4 Mont. 560, 2 Pac. 298; sec. 663, Rev. Codes.) Furthermore, the decree of foreclosure recited that neither of the defendants in the suit (including the defendant here) was in possession of the property and that the plaintiff was entitled to possession during the year of redemption; and under the sale contract plaintiff gave the defendant, and the defendant accepted from plaintiff, the right of possession. The proof showing that the contract, and the defendant's right of possession under it, have been terminated by the default, and there being no contention that the

defendant claims either the title or the right of possession from any other source, it is clear that the plaintiff has sufficiently shown its right to the possession of the property.

Other contentions are made which it is unnecessary to discuss, since what has been said effectively disposes of the appeal.

The judgment is therefore affirmed.

ASSOCIATE JUSTICES ANGSTMAN, ERICKSON, ANDERSON and MORRIS concur.